Allen J. **GERBER** and Doris Pickett, Plaintiffs,

v.

**LONGBOAT HARBOUR NORTH CONDOMINIUM, INC.,** Defendant.

No. 89–230–CIV–T–17(C).

United States District Court, M.D. Florida, Tampa Division.

Feb. 11, 1991.

---

James J. Boczar, P.A., Simon Rosin, P.A., Sarasota, Fla., for plaintiffs.

Becker & Poliakoff, P.A., Maitland, Fla., for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion for Reconsideration of Order granting Summary Judgment in Favor of Plaintiffs, Plaintiffs' response thereto, Defendant's Motion to Alter or Amend Judgment pursuant to Rule 59, Fed.R.Civ.P., and Defendant's request for oral argument.

Defendant urges the Court to reconsider its order granting summary judgment in favor of Plaintiffs, 724 F.Supp. 884, based on several arguments raised in its motion. The initial argument set forth by Defendant states that Plaintiffs did not file a separate motion for summary judgment and that the sole motion before the Court was Defendant's 12(b)(6) motion to dismiss, or in the alternative, motion for summary judgment. Defendant contends that the alternative motion for summary judgment was confined solely to the issue of state action and that it was filed only in the event the Court considered matters outside of the pleadings. Thus, Defendant asserts that the Court went far beyond the scope of the motion by entering a final summary judgment as to all issues in favor of Plaintiffs.

In addition, Defendant states that it filed its motion to dismiss for failure to state a claim prior to the filing of any other responsive pleading and because of the Court's order granting summary judgment in favor of Plaintiffs, it has not yet had an opportunity to answer Plaintiffs' complaint. The essence of Defendant's contentions is that the Court has not yet addressed the "manner" in which Plaintiffs displayed their flag and that this consideration has been wrongfully precluded by the Court's granting of a final summary judgment.

Plaintiffs agree with Defendant that Plaintiffs did not file a separate motion for summary judgment. However, Plaintiffs argue that the Court may grant summary judgment to either party *sua sponte* or when only one party moves for summary judgment in light of *Marshall v. Sunshine and Leisure, Inc.*, 496 F.Supp. 354 (M.D. Fla.1980) and *In Re: Caravan Refrigerated Cargo, Inc.*, 864 F.2d 388 (5th Cir.1989). In addition, Plaintiffs refer to the Court's September 21, 1989, Order requesting Supplemental Memorandum from both parties which states:

> This cause is before the court on Defendant's motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), Plaintiffs response thereto, and *both parties* (Emphasis added) cross motions for summary judgment.

Plaintiffs argue that Defendant was put on notice of the Court's intention to proceed as though both parties had moved for summary judgment when they responded to that September 21, 1989, order and that Defendant cannot now complain of not being apprised of the intention to proceed in this manner. Lastly, Plaintiffs contest Defendant's assertion that the dispute was over the "manner" in which the Plaintiffs were flying the American flag. Plaintiffs reiterate their earlier arguments and allege that Defendant was not trying to regulate the "manner" in which the flag was flown but instead was attempting to prohibit Plaintiffs from flying the flag from the railing adjacent to their condominium unit.

## I.

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) established the principle that a complaint should not be dismissed for failure to state a claim unless a plaintiff can prove no set of facts which would entitle him to relief. This exacting standard has long been a staple of federal practice and is supported by hundreds of cases. Equally well supported is the dictate that, when evaluating a motion to dismiss, the trial court must view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

Defendant's motion to dismiss is predicated upon its assertion that, since it is not a governmental entity and has not assumed substantially all of the functions of a governmental entity,[1] the provisions of the First Amendment as incorporated in the Fourteenth Amendment simply do not apply. This Court cannot agree with Defendants contention, and by applying the principles enumerated in *Shelley v. Kraemer*, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1947), this Court found and continues to find that judicial enforcement of private agreements contained in a declaration of condominium constitutes state action and brings the heretofore private conduct within the scope of the Fourteenth Amendment, through which the First Amendment guarantee of free speech is made applicable to the states.

■ This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hay-*

*den v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979),[2] quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The court also said, "Rule 56(e) therefore requires that nonmoving party go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing there is a genuine issue for trial." *Celotex, supra* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

■ In addition, this circuit also holds that, in an appropriate case, the district court may grant summary judgment against the movant, even though the opposite party has not actually filed a motion for summary judgment. *In re: Caravan Refrigerated Cargo, Inc.*, 864 F.2d 388 (5th Cir.1989). Thus, this Court clearly has the power to grant summary judgment for Plaintiffs in this case, even though they did not actually file a motion for summary judgment. However, as stated above, factual disputes with respect to a material issue preclude an order of summary judgment for either party.

■ In the case at bar, Defendant contends that their actions were not directed at prohibiting Plaintiffs from flying the

---

1. The landmark case finding a private entity to be the functional equivalent of a state actor is of course *Marsh v. Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1945). In *Marsh*, the Gulf Shipbuilding Corporation had assumed virtually all of the responsibilities of local government in the Mobile, Alabama suburb of Chicksaw. The

Court found the guarantees of the First and Fourteenth Amendments to apply in full force to the company owned town.

2. Decisions of the former Fifth Circuit are binding precedent on this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981).

American flag, but instead, were aimed at regulating the manner in which the Plaintiff chose to display the flag. Also, Defendant states that the provisions of the condominium documents only forbade displaying flags from the common elements, except on designated occasions, but did permit displays of a flag not involving the common elements at any time.

Plaintiffs dispute these assertions by Defendant and argue that their flag displays did not utilize the common elements of the condominium. Instead, Plaintiffs charge that they displayed the American flag from the railing immediately adjacent to their unit or from the exterior wall of their condominium unit. Plaintiffs further argue that these areas are exclusive use common elements, as set out by the Declaration of Condominium of Longboat Harbor North, and are reserved for the exclusive use of the abutting unit and shall be appurtenant to it.

Based on these allegations and on the limited pleadings before this Court, it is clear that there are genuine issues as to material facts in this case. Therefore, these factual disputes preclude summary judgment with respect to the issues which remain and they must be decided by the trier of fact; i.e. the manner of display. Accordingly, it is

ORDERED that motion for reconsideration be granted; the summary judgment order of November 17, 1989 be reaffirmed, only as to the state action issue, and vacated in the remainder; the cause of action be reopened; request for oral argument be denied; Plaintiffs shall have ten (10) days in which to file an amended complaint if they desire; and Defendant shall have twenty (20) days in which to file an answer to the complaint/or amended complaint.

DONE and ORDERED.