Kamal ASSILY, Plaintiff,

v.

TAMPA GENERAL HOSPITAL,
Defendant.

No. 92–151–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 18, 1993.

See also, 791 F.Supp. 862.

Lorna Sills Katica, Katica & Lancaster, Tampa, FL, for plaintiff.

Michael Dennis Malfitano, Claude Hines Tison, Jr., MacFarlane, Ferguson, Allison & Kelly, Tampa, FL, for defendant.

## ORDER

KOVACHEVICH, District Judge.

This Cause is before the Court on the Defendant's Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

■ In the complete absence of genuine issues of material fact to support the allegations of a plaintiff, the defendant is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Eleventh Circuit clearly holds that the party moving for summary judgment bears the initial burden of showing the lack of a genuine issue of material fact. *Goree v. Winnebago Industries, Inc.,* 958 F.2d 1537 (11th Cir.1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party without first weighing the probative value of the evidence. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994 (5th Cir.1979); *Gerber v. Longboat Harbour North Condominium, Inc.,* 757 F.Supp. 1339 (M.D.Fla.1991). Factual disputes preclude summary judgment.

## FACTS

On November 23, 1983 Defendant Tampa General Hospital hired Plaintiff Kamal Assily as a clerk in the hospital's medical records department. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC) on September 4, 1987. Plaintiff alleged that Defendant discriminated against him on the basis of his national origin (Lebanese) in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act.

The parties entered into a negotiated settlement agreement on April 18, 1989 which disposed of the charge. Pursuant to this agreement, Defendant agreed to increase Plaintiff's hourly wage five cents per hour and pay Plaintiff a lump sum of $1,176.29.

In exchange, Plaintiff agreed not to file a lawsuit with respect to this charge. Plaintiff filed a second charge with the EEOC on April 29, 1988, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act.

Plaintiff raised several incidents of discrimination in the Complaint from the above entitled cause:

1. In September 1987, Plaintiff applied for the position of Accounting Assistant and was denied an interview. The position was given to a white male.

2. In October 1987, Plaintiff applied for the position of Property Control Clerk. He did not receive an interview and Defendant selected a white male for the position.

3. In October 1987, Plaintiff applied for the position of Medical Staff Assistant. He did not receive an interview for the position and Defendant selected a white female.

4. In November 1987, Plaintiff applied for the position of Personnel Clerk/Associate. Assily did not receive an interview for the position, which went to a black female.

5. In January 1988, Plaintiff applied for the position of Supervisor, Central Transport, and was denied.

Defendant terminated Plaintiff's employment on December 19, 1989, citing Assily's consistent failure to perform his duties. Assily completed internal "appeal of termination" procedures on January 5, 1990. On February 14, 1990, Plaintiff filed an amendment to his April 29, 1988 charge which restated the grounds of his initial charge and stated Plaintiff's final termination.

On January 6, 1990, the EEOC issued a "Right to Sue" Letter. On June 13, 1992, Plaintiff filed suit in state court in Tampa, Florida. Defendant removed the case to this Court on February 3, 1992. Count I of the Complaint alleges that all of the personnel actions referred to above constituted discrimination by reason of national origin. This Court granted Summary Judgment on Count I on April 28, 1992. Count II of Plaintiff's Complaint asserts that the same actions constituted retaliation for the filing of the original charge. Count III alleges that these

actions further violated the Equal Pay Act and amounted to gender discrimination against Plaintiff.

Defendant moved for Summary Judgment as to Counts II and III of the Complaint. For reasons cited herein, the Court denies the Motion for Summary Judgment of Count II and grants Partial Summary Judgment of Count III.

## DISCUSSION

In order to establish a claim for retaliation under Title VII of the Civil Rights Act, Plaintiff must establish (1) that there was a statutorily protected participation, (2) that an adverse employment action occurred, and (3) that there was a causal link between the participation and the adverse employment action. *Whatley v. Metropolitan Atlanta Rapid Transit Auth.*, 632 F.2d 1325 (5th Cir.1980). The participation of Plaintiff in protected behavior must be known to the retaliator. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Further, the causal link between the protected conduct and the adverse treatment may be shown either directly or indirectly. *DeCintio v. Westchester County Medical Center*, 821 F.2d 111 (2nd Cir.1987).

Assily engaged in the statutorily protected behavior of filing a charge alleging discrimination based on his national origin. Plaintiff's failure to receive interviews for several positions and his later termination evidence adverse employment action as required in a Title VII action. Defendant asserts that no causal link exists between Assily's filing of a discrimination claim and the adverse employment action. Defendant has presented affidavits and deposition testimony claiming no connection between the original filing and Defendant's subsequent handling of Assily's employment. The evidence includes statements that Plaintiff's superiors were unaware of his original filing. Plaintiff, however, has also presented competent evidence which would tend to suggest to the trier of fact that a causal link between the first charge and the subsequent adverse action did in fact exist. Such evidence includes Assily's superiors' knowledge of the original

charge and the possibility of pretextual denial of his advancement. Therefore, the factual disputes surrounding the causation element of Assily's claim in Count II of the Complaint preclude the Court from granting summary judgment in Defendant's favor.

Defendant requests that this Court grant summary judgment as to Count III of Plaintiff's Complaint alleging violation of the Equal Pay Act. While the same factual disputes listed above preclude summary judgment as to the entirety of Count III, the Court finds that the gender discrimination allegation contained in Count III may be properly disposed of by partial summary judgment.

As Plaintiff has pointed out in his Response to the Motion for Summary Judgment, it is within this Court's discretion to determine how much weight to afford the EEOC's Determination of reasonable cause. An EEOC finding may be termed highly probative of the ultimate issue. *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5th Cir.1972). The EEOC Determination cited by Plaintiff found reasonable cause for the charge of retaliation. Specifically, the EEOC Determination based the possibility of retaliatory conduct on the denial of Assily's promotions following his filing of an original EEOC charge in 1987. This EEOC finding did not speak to discrimination based upon gender.

This Court granted summary judgment of Count I of Plaintiff's Complaint on April 28, 1992. The Court made clear at that time that Plaintiff relied upon instances of unequal treatment to show adverse treatment constituting retaliatory discrimination. Once again, the EEOC Determination of reasonable cause for suit did not address any ancillary motivations of the Defendant. As pointed out in the April 28th Order, in order for this Court to have jurisdiction over a claim in the instant case other than retaliation, Plaintiff must have both exhausted his administrative remedies and complied with the EEOC's charging procedures as set forth by 42 U.S.C. § 200e–5(e). Plaintiff must file charges with the EEOC prior to refiling his action in this Court. *Brown v. General Ser-*

*vices Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Plaintiff has failed to do either concerning the gender discrimination claim contained in Count III. Therefore, there exists no genuine issue of material fact which can properly be brought before this Court regarding Plaintiff's claim of gender discrimination and Partial Summary Judgment is appropriate to this portion of Count III. Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment be DENIED as to Count II of Plaintiff's Complaint.

ORDERED that Partial Summary Judgment be GRANTED as to the gender discrimination claim contained within Count III of Plaintiff's Complaint.

DONE AND ORDERED.