**Robert Wade WETZEL, Jr.,**
**Plaintiff–Appellant,**

v.

**Lawrence HOFFMAN, et al.,**
**Defendants,**

**City of Sunrise, A Florida Municipal**
**Corporation, et al.,**
**Defendants–Appellees.**

**No. 90–5256.**

United States Court of Appeals,
Eleventh Circuit.

April 11, 1991.

Linda R. Spaulding, Fort Lauderdale, Fla., for plaintiff-appellant.

E. Bruce Johnson, Patricia A. Burton, Fort Lauderdale, Fla., for defendants-appellees.

Neil Rose, Conroy, Simberg & Lewis, Hollywood, Fla., for Mayor Hoffman.

Before KRAVITCH and ANDERSON, Circuit Judges and ATKINS *, Senior District Judge.

ANDERSON, Circuit Judge:

Appellant Robert Wade Wetzel appeals from a partial final judgment dismissing

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sit-    ting by designation.

his amended complaint with prejudice as to Appellee City of Sunrise ("Sunrise").[1] We vacate and remand.

## I. BACKGROUND

The alleged facts include the following. Wetzel was employed by the City of Sunrise as a mechanic. He and others became aware of certain unethical and illegal conduct on the part of certain city officials, including Lawrence Hoffman, the former mayor of Sunrise and an individual defendant in this case. Wetzel and others reported the improper acts which resulted in an investigation and an indictment of Hoffman. Wetzel alleges that Hoffman and the other two individual defendants, Michael Marcinak, the public works director for Sunrise, and Thomas McKane, a lieutenant in the police department of Sunrise, took certain actions against Wetzel and other city employees in retaliation for their disclosing corruption within the municipal government and in an effort to punish, harass, and intimidate such "whistle-blowers." Among the alleged actions against Wetzel were denial of promotions, other harassment in connection with his employment, and an improper and illegal police investigation.

In his amended complaint, Wetzel alleged that such actions were taken at the instance of Hoffman and that Hoffman was the final policymaker for the city with respect to such actions. Wetzel also contended that the retaliatory actions were part of a custom or policy of the city as exemplified by similar actions taken against four other named city employees.

## II. DISCUSSION

The posture of the instant case is the dismissal with prejudice of Wetzel's amended complaint. Under *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), such a dismissal is appropriate only if it is beyond doubt that Wetzel can prove no set of facts which would entitle him to relief.

The law is well established that a city cannot be held liable for a violation of 42 U.S.C. § 1983 solely on the basis of *respondeat superior*. See *Monell v. Dep't of Social Serv. of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). However, a city can be liable under § 1983 on the basis of the two theories which are asserted by Wetzel in this case.

First, Sunrise could be liable if a particular retaliatory action against Wetzel were taken by a city official who was the final policymaker for the city in matters encompassing that action. See *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988); *Pembaur v. Cincinnati*, 475 U.S. 469, 485, 106 S.Ct. 1292, 1301, 89 L.Ed.2d 452 (1986); *Mandel v. Doe*, 888 F.2d 783, 790–95 (11th Cir. 1989). For example, with respect to any alleged discipline or harassment of Wetzel as an employee or an improper failure to promote Wetzel, Wetzel must be able to allege sufficient facts to indicate that the individual responsible for such action was the final policymaker with respect to such personnel decisions.

Second, Wetzel has contended that there was a persistent and widespread practice with respect to the alleged retaliatory actions sufficient to demonstrate a custom or policy of the city. The law is well established that such a showing can constitute the basis of municipal liability. See *Praprotnik*, 485 U.S. at 127, 108 S.Ct. at 926; *DePew v. City of St. Mary's, Georgia*, 787 F.2d 1496, 1499 (11th Cir.1986); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442–43 (11th Cir.1985).

In the instant case, the district court did not address either of the foregoing theories. Apparently, the district court held that even if former Mayor Hoffman were the final policymaker, the allegedly retaliatory actions did not constitute a municipal policy or custom because those actions were illegal. The district court relied upon Justice White's concurring opinion in *Pembaur*, 475 U.S. at 485–87, 106 S.Ct. at 1301–02 ("Local law enforcement officers

---

**1.** In addition to the claim against Sunrise, there were claims in the district court against three individual defendants. However, the dismissal of the complaint as against Sunrise is appealable pursuant to Fed.R.Civ.P. 54(b).

**378**

are expected to obey the law and ordinarily swear to do so when they take office. Where controlling law places limits on their authority, they cannot be said to have the authority to make contrary policy.").

In the present Rule 12(b)(6) posture of the instant case, we must vacate the judgment of the district court. Even assuming that the particular policy followed by Hoffman was in violation of some announced municipal policy, i.e., a municipal ordinance or other law, Wetzel has alleged that there was a persistent and widespread practice which was inconsistent with any such announced policy of the city. The Supreme Court in *Praprotnik*, 485 U.S. at 131, 108 S.Ct. at 928, made it clear that "[r]efusals to carry out stated policies could obviously help show that a municipality's actual policies were different from the ones that had been announced." Thus, after development of the relevant facts on remand, the district court might determine that a persistent and widespread practice indicates that the actual policy of the city is different from the announced policy.[2]

We conclude that it is not beyond doubt that Wetzel can prove no set of facts which would entitle him to relief. On remand, the parties should be given an opportunity to develop the relevant facts. The district court should address in the first instance, and make findings of fact and conclusions of law with respect to, not only the issues discussed in the immediately preceding paragraph but also the two theories of liability asserted by Wetzel, i.e. the final policymaker theory and the persistent practice theory.

Accordingly, the judgment of the district court is VACATED and the case is REMANDED for further proceedings.

VACATED AND REMANDED.

---

2. Moreover, the facts in the record on appeal are insufficient to determine whether each retaliatory act alleged by Wetzel to have been taken by the final policymaker was inconsistent with an announced municipal policy. The findings of fact and conclusions of law on remand should identify each alleged retaliatory act and the announced municipal policy with which it is inconsistent.