**Charlie A. MARCUS, Plaintiff,**

v.

**Jorge CARRASQUILLO and City of Clearwater, jointly and severally, Defendants.**

**No. 91–309–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Jan. 9, 1992.

---

Jawdet I. Rubaii, Clearwater, Fla., for plaintiff.

Robert James Surette, City Attorney's Office, Police Legal Advisor, Clearwater, Fla., for defendants.

ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

Plaintiff filed this civil rights action seeking damages and declaratory relief under

42 U.S.C. § 1981 and § 1983, 28 U.S.C. § 2201 and § 2202 and Article I, § 12 of the Constitution of the State of Florida for the unconstitutional actions of Defendant Carrasquillo, a Clearwater police officer, and for the unconstitutional policy or custom of the City of Clearwater which contributed to these acts.

## FACTS

1. Plaintiff is a black U.S. Postal Carrier. His allegations of the incident in question are as follows: On or about November 6, 1987, the Plaintiff and his son drove into a Burger King restaurant parking lot to purchase a meal. Upon entering the driveway, Clearwater police officer Linda K. Russell stopped the Plaintiff, and was immediately joined at the scene by Defendant Carrasquillo. Officer Carrasquillo requested that Plaintiff get out of his car, without explanation.

2. Defendant Carrasquillo then told Plaintiff in front of bystanders, "Your name is on a list of drug dealers. You are a suspected drug dealer." He requested Plaintiff's drivers license and registration, then conducted a body search of the Plaintiff and asked to search his car. Plaintiff alleges that he politely protested the stop and search, requested to see the list of drug dealers and denied that he was one, and repeatedly requested to know why he had been singled out for such treatment.

3. No drugs were found in the search of Plaintiff's person and car. Upon completion of the search Defendant Carrasquillo told Plaintiff that if he did not leave the Burger King premises immediately, he would be arrested for trespass. Plaintiff protested that he had done nothing wrong and had only come to purchase a meal for himself and his son. Plaintiff alleges that Defendant Carrasquillo then went into Burger King and falsely advised the manager that Plaintiff was causing trouble on the premises. The manager came outside and asked Plaintiff to remove his car from the premises. While Plaintiff was attempting to find his keys so that he could move his car, and to explain to the manager that he only wanted to buy food, Defendant Carrasquillo arrested Plaintiff for trespass, and took Plaintiff's son away from him.

4. Following the arrest, Plaintiff alleges that Defendant Carrasquillo continued to have the State Attorney "maliciously prosecute" the charges of trespass. When Plaintiff produced an affidavit by the Burger King manager that he had not authorized a trespass action, the charge was changed to "refusing to obey a law enforcement officer." This charge was later dismissed upon motion by Plaintiff's counsel.

5. Plaintiff requested an internal investigation of the incident by the Division of Internal Affairs of the Clearwater Police Department. Plaintiff alleges that the City "willfully and recklessly refused or failed to investigate the complaint" pursuant to an "established policy or custom in the Department to ignore complaints of officer misconduct made, especially by blacks or other persons being abused or having their civil rights violated." Plaintiff further alleges that it is a City practice to allow the State Attorney's office to proceed with prosecutions knowing they are without foundation or basis, resulting in many instances in a plea of no contest when individuals cannot afford to present a defense. Plaintiff alleges that as a result of the City's reckless indifference to civil rights violations against minority members, Defendant Carrasquillo was encouraged to act to deprive the Plaintiff of his constitutional rights.

6. Plaintiff alleges six separate counts in his complaint: Count I is a claim under 42 U.S.C. § 1983 for the violation of Plaintiff's rights to freedom of speech, freedom of association, and use of a public facility; freedom from unreasonable search and seizure; and right to equal protection and due process. Defendant Carrasquillo's actions are alleged to have been racially motivated. Count II is a claimed violation of 42 U.S.C. § 1981 for depriving Plaintiff of the full and equal benefit of the law regarding the same rights in Count I. Count III is a state law claim of false arrest, and Count IV is a state law claim of malicious prosecution. Count V is a state law defamation claim for the statement that Plaintiff was a suspected drug dealer. Count VI alleges a policy or custom by the City of Clearwater

Police Department to ignore complaints by citizens of officer misconduct, particularly when the complaining citizens are black or claim a civil rights violation. Plaintiff requests compensatory relief from all Defendants under § 1983 and § 1981, as well as punitive damages from Defendant Carrasquillo for these violations. Compensatory and punitive damages are requested for the three state law counts, and attorney's fees under 42 U.S.C. § 1988 are requested.

7. Defendants have not answered the Complaint, but instead filed a motion to dismiss portions of the Complaint. First, the City of Clearwater claims that Plaintiff's conclusory allegations of a custom or policy are not supported by any facts and therefore fail to state a claim upon which relief can be granted. Second, Defendant Carrasquillo has moved to Dismiss Counts I and II (Plaintiff's claims under § 1983 and § 1981) on the same grounds. Third, Defendant Carrasquillo moves to dismiss Count II, the § 1981 claim, because there is no separate damages remedy under that provision. Fourth, Defendant Carrasquillo moves to dismiss the request for punitive damages in the pendent state claims, since no reasonable basis is shown for them.

### DISCUSSION

■ The standard applied by courts in this Circuit on motions to dismiss is well established: the court should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Wetzel v. Hoffman*, 928 F.2d 376 (11th Cir.1991) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Each of the grounds for this motion shall be considered separately:

I. WHETHER PLAINTIFF'S ALLEGATIONS OF A SINGLE INCIDENT PURSUANT TO A MUNICIPALITY'S ALLEGED UNCONSTITUTIONAL CUSTOM OR POLICY ARE SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983?

The City of Clearwater claims that Plaintiff's conclusory allegations of an official policy or custom are not supported by any facts and therefore fail to state a claim upon which relief can be granted. This basis for dismissal raises two issues, as follows:

### A. Pleading Requirements for Civil Rights Actions

■ Like many other federal circuits, the Eleventh Circuit has stated that the liberal rules of notice pleading set forth in Fed.R.Civ.P. 8 and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) should be tightened in a civil rights action. *See Arnold v. Board of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir.1989). Because of the danger that any disgruntled minority member may turn an otherwise noncolorable claim into a civil rights claim, the courts have required that plaintiffs go beyond mere notice pleading, and provide specific factual allegations regarding the conduct upon which their claim is based. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir.1984). This is particularly true in a suit against a local government, where the claim is that challenged conduct constitutes an official policy or custom. *Arnold*, 880 F.2d at 310. On the other hand, courts should be mindful that " 'fundamental rights and important questions of public policy are involved in actions under the various civil rights statutes and [the court] should not dismiss the complaint unless it clearly is frivolous or fails to state a claim for relief.' " *Id.* at 310, n. 2 (*quoting* 5 C. Wright & Miller, *Federal Practice and Procedure* § 1230 (1969 & 1984 Supp.)). The U.S. Supreme Court likewise appears to support dismissing frivolous claims on summary judgment. *See id.* We note, however, that the motion to dismiss before this Court is not a summary judgment motion, and that no discovery has taken place. "It is improper to dismiss on the pleadings alone a section 1983 complaint alleging municipal liability, even if the claim is based on nothing more than bare allegation that individual officers' conduct conformed to official policy, conduct

or practice." *Evans v. McKay*, 869 F.2d 1341, 1349 (9th Cir.1989).

This Court expresses no opinion on the ability of Plaintiff to ultimately substantiate his claims. However, the complaint alleges specific facts which, if true, could support a reasonable inference that the City of Clearwater has a custom or policy of ignoring minority citizens' complaints against city police officers and/or pressing ahead with unfounded charges. The pleadings are not vague or conclusory, and give sufficient notice to the City of Clearwater of the complained of conduct.

### B. The Policy or Custom Requirement

■ The question remains whether Plaintiff's allegation of a single failure by the Clearwater Police Department to investigate his claim is a sufficient factual basis to allege an official policy or custom. In its motion to dismiss, the City of Clearwater suggests that Plaintiff must specifically show other instances in which this policy has been applied.[1] Since the U.S. Supreme Court ruling in *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), this question is settled. A single action by an individual with policymaking authority may constitute official policy for the purposes of finding municipal liability under § 1983. *See Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir.1989), where the Eleventh Circuit noted that "there may be many ways of proving the existence of a municipal policy or custom that can cause a deprivation of a constitutional right" (*quoting City of Oklahoma City v. Tuttle*, 471 U.S. 808, 834, 105 S.Ct. 2427, 2441, 85 L.Ed.2d 791 (1985) (Brennan, J., concurring in part and concurring in the judgment). As Justice Brennan noted in *Tuttle*, "A § 1983 cause of action is as available for the first victim of a policy or custom that would foreseeably and avoidably cause an individual to be subjected to deprivation of a constitutional right as it is for the second and subsequent victims."

*Id.* at 831, 105 S.Ct. at 2439 (quoted in *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir.1990)). We note that Plaintiff has not named a policymaker who is responsible for the decision not to investigate his claim or to pursue his prosecution. However, naming the individual policymaker and suing him in his official capacity is the equivalent of suing the City itself, which Plaintiff has done. *See Farred v. Hicks*, 915 F.2d 1530, 1532 (11th Cir.1990).

Plaintiff may be required later to document specific other instances in order to prove that a custom or policy exists. A custom that is so permanent and well settled as to have the force of law can equate to an official policy, particularly where policymakers knew or should have known of the practice and the danger that it would lead to the violation of constitutional rights. Plaintiff will be required to show that the policymaker had specific knowledge of the practice, and approved, ratified or acquiesced in it, or was deliberately indifferent to the potential violation of citizens' rights that could result from such a practice. Whether discovery into Plaintiff's claim shows that his rights were violated as a result of a single policymaker or a settled and persistent practice, it would be premature for this Court to assume that one or the other cannot be proven. Accordingly, this Court finds that Plaintiff's allegations of a policy are sufficient to withstand a 12(b)(6) motion for dismissal. Taken as true, the allegations state a claim upon which relief could be granted.

Defendant City of Clearwater has cited a variety of cases to support its motion to dismiss this claim. The decisions are from other districts, and largely pre-date *Pembaur* and its progeny. In *Cummings v. Palm Beach County*, 642 F.Supp. 248 (S.D.Fla.1986) and *Gutierrez v. City of Hialeah*, 723 F.Supp. 1494 (S.D.Fla.1989), the U.S. District Court for the Southern District of Florida found that vague and conclusory allegations of age and race dis-

---

**1.** Paragraph 50 of Plaintiff's complaint does state that "Other officers who have exhibited a pattern of conduct complaints were also ignored and not even investigated." [sic] Although the point of this paragraph is not clear, it appears to be referring to other instances where a complaint was ignored. In any event, such a conclusory allegation would be insufficient to show other instances, if such were necessary to survive this motion.

crimination did not comply with the "fair notice" requirement of pleading, and did not enable a defendant to focus on the violative acts, customs, practices or policies in question. This Court finds that this case is distinguishable from both *Cummings* and *Gutierrez.*

In *Gutierrez,* the plaintiffs attempted to hold the city liable for an isolated shooting by a police officer, and made conclusory allegations that the city had a policy and custom of permitting officers to use excessive force in the apprehension of suspects. The only incident alleged was the shooting in question. The court in *Gutierrez,* quoting the U.S. Supreme Court's opinion in *Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, found that a plaintiff must allege more than merely an isolated or single act of an unconstitutional deprivation to establish a custom or policy. The court noted that a municipality cannot be held liable on a theory of *respondeat superior.* The case at bar is distinguishable, because the alleged policy does not focus solely on the actions of the individual officer. When Plaintiff filed a complaint with the Internal Affairs Division of the City of Clearwater, his claim expanded beyond the actions of a single officer, and presumably reached the attention of someone with policymaking power to decide how to proceed on the complaint. The Court in *Tuttle* specifically noted that under *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a single incident of unconstitutional activity might be sufficient to impose liability if the incident was caused by an existing, unconstitutional municipal policy attributable to a municipal policymaker. *Tuttle,* 471 U.S. at 823–24, 105 S.Ct. at 2435–36. This position of the U.S. Supreme Court was echoed in *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) and refined in *City of St. Louis v. Prapotnick,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (decisions of lower level employees who have not been delegated policymaking responsibility are not "policy").

In the other case from Southern District court cited by Defendants, *Cummings,* the court found that the complaint in that case would even have failed the liberal *Conley* test for pleading. *Cummings,* 642 F.Supp. at 250. The complaint was vague and conclusory and failed to state any facts upon which to base the claims of age and race discrimination. Nor, found the court, could an inference of racial discrimination be drawn from the actions in the pleadings. By contrast, Plaintiff in this case has clearly alleged that certain actions of Defendants were motivated by racial animus. In particular, Plaintiff alleges that Defendant Carrasquillo's demeanor and his treatment of the Plaintiff as a "second class" citizen exhibited his racial animus against Plaintiff, and that the City's failure to investigate officer misconduct was due to its custom of ignoring such complaints by blacks and other minorities. When taken as true, the allegations of a policy that singles out and ignores the complaints against officers made by black citizens states a claim sufficient to survive a 12(b)(6) motion to dismiss.

Defendant City of Clearwater also cited *Davis v. Frapolly,* 717 F.Supp. 614 (N.D.Ill.1989), in which plaintiff's complaint contained no allegations of discriminatory intent and no facts from which the court could draw an inference that the officer's actions were motivated by the arrestee's race. As noted above, in the case at bar such allegations were made. Defendant's memorandum also relies upon *Sanders v. City of New York,* 692 F.Supp. 308 (S.D.N.Y.1988), which dismissed a plaintiff's count alleging the city was deliberately indifferent to the constitutional rights of persons because it had set up a Civilian Complaint Review Board to entertain complaints against police officers, but failed to adequately investigate the plaintiff's complaint. The court found that the complaint lacked specific allegations of fact indicating a deprivation of rights under this count, as required by the heightened civil rights pleading rule. In the case before this Court, however, Plaintiff has alleged that *no investigation* of his complaint occurred. Specific facts regarding the adequacy of the investigation would be irrelevant and

impossible to produce. Assuming Plaintiff's allegations to be true, the complaint against the City of Clearwater states a claim, unlike the complaint in *Sanders.*

In order to ultimately prevail on this claim against the City of Clearwater, Plaintiff must identify a policymaker, so designated by state law or by a custom having the force of law, who decided to ignore Plaintiff's complaint for racial reasons, or who has been deliberately indifferent to a practice evidenced by repeated instances of ignoring such complaints. In addition, Plaintiff must establish a causal link to show that the policy was the moving force behind the individual officer's deprivation of Plaintiff's rights.

## II. WHETHER ALLEGATIONS OF A RACIALLY MOTIVATED ARREST AND CONTINUED PROSECUTION OF A GROUNDLESS CLAIM FOR TRESPASS FOR REFUSING TO OBEY THE ORDER OF A LAW ENFORCEMENT OFFICER ARE SUFFICIENT TO SUPPORT A CLAIM OF DEPRIVATION OF FIRST AMENDMENT RIGHTS AND EQUAL PROTECTION UNDER THE LAWS?

Defendant Carrasquillo has also moved to Dismiss Counts I and II (Plaintiff's claims under § 1983 and § 1981) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. Officer Carrasquillo says that Plaintiff has alleged no facts to support the conclusory claims of a deprivation of freedom of speech, association, or the use of a public facility, or equal protection of the laws. The claim of unreasonable search and seizure was not challenged in this motion.

■ With respect to the First Amendment claims, this Court must agree with Defendant. No facts are apparent on the face of the complaint which would constitute a deprivation of freedom of speech. It is doubtful that Plaintiff's visit to a Burger King restaurant was intended as an expression. Likewise, Plaintiff appears to have suffered no deprivation of his freedom of association. It is true that Plaintiff was prevented from purchasing dinner from Burger King on this one occasion, but the facts indicate that the Burger King manager participated in his removal from the property. Also, it does not appear that Plaintiff has been deprived of the use of any public facility. Presumably, the Burger King property was privately owned and Plaintiff was an invitee or licensee. Plaintiff has not suggested that the parking lot was functionally a public street or other public forum. Finally, Plaintiff has not alleged that the prosecution of him for "refusing to obey a law enforcement officer" was pursued in retaliation for his exercise of his right to speak, whether to complain against the officer or protest his innocence. Plaintiff has not even shown that his complaint against the officer was made before the prosecution commenced. The Court finds that insufficient facts have been alleged to state a claim for a first amendment violation, and dismisses this claim with leave to amend.

■ Plaintiff's claim of an Equal Protection violation, however, is on firmer ground. As applied to the states under the 14th Amendment, the Equal Protection clause is violated by the application of laws to some group in an unequal manner due to discriminatory intent. Plaintiff has alleged that because of his race he was stopped, harassed and wrongfully arrested and prosecuted by Defendant Carrasquillo. The allegation that Officer Carrasquillo purposefully discriminated against Plaintiff on the basis of his race is sufficient to state a claim of a violation of Equal Protection. *See Baker v. City of Kissimmee,* 645 F.Supp. 571 (M.D.Fla.1986) (race must be a motivating factor in the decision to act). This Court finds that Plaintiff has sufficiently stated a claim for relief under § 1983 for a violation of his right to Equal Protection, and under § 1981 for a violation of equal benefit of the laws.

## III. WHETHER PLAINTIFF'S CLAIM OF A VIOLATION OF 42 U.S.C. § 1981 MUST BE DISMISSED BECAUSE IT PROVIDES NO INDEPENDENT DAMAGES REMEDY?

■ Defendant Carrasquillo also moves to dismiss Count II, the § 1981 claim, be-

cause there is no separate damages remedy under that provision. Plaintiff has suggested that this claim should stand alone because it is the basis for injunctive relief, presumably relying on the power of the court to issue an injunction under 28 U.S.C. § 2202 (since Plaintiff's complaint requests only damages and declaratory relief). It is true that in order to receive damages for a deprivation of the right to full and equal benefits of the law regardless of race (a violation of 42 U.S.C. § 1981), a plaintiff must sue for damages under § 1983. The U.S. Supreme Court recently concluded that the express cause of action for damages created by § 1983 constitutes the exclusive federal damages remedy for violation of the rights guaranteed in § 1981. *Jett v. Dallas Independent School Dist.,* 491 U.S. 701, 733, 109 S.Ct. 2702, 2721, 105 L.Ed.2d 598, 625 (1989). The Eleventh Circuit faced a similar question in *Arnold v. Board of Educ. of Escambia County,* 880 F.2d 305 (11th Cir.1989). In that case, the court concluded that a claim of a violation of equal protection rights under the Fourteenth Amendment and a 42 U.S.C. § 1981 claim were no different, with the possible exception of the need to prove purpose or intent to discriminate. *Id.* at 317, n. 16. Since both claims are present in this case, this Court finds it unnecessary to dismiss the claim or take further action except to note that any violation of § 1981 will be remedied under Plaintiff's request for damages under § 1983 and Plaintiff's request for declaratory or other relief under 28 U.S.C. §§ 2201–02.

## IV. WHETHER PLAINTIFF HAS STATED FACTS WHICH WOULD SUPPORT PUNITIVE DAMAGES ON THE PENDENT STATE CLAIMS OF FALSE ARREST, MALICIOUS PROSECUTION, AND DEFAMATION?

█ Finally, Defendant Carrasquillo moves to dismiss the request for an award of punitive damages against him individually on the state law claims of false arrest, malicious prosecution, and defamation, because there is no record evidence supporting the demand for punitive damages. Section 768.72 of the *Florida Statutes* requires that the complaint be supported by such record evidence before Plaintiff may demand punitive damages. Defendant raises the specific issue of whether this statute is substantive or procedural. Defendant urges that it is substantive, and should apply in this case.

Substantive law is enacted by the State Legislature; whereas, procedural rules are enacted by the Supreme Court of Florida. *See* Art. V, § 2(a), *Fla. Const.* Since the State Legislature passed Section 768.72, and the State courts have applied it, it is evident that both the Legislative and Judicial branches of the Florida's government consider this to be substantive law. Further, the Middle District of Florida has twice concurred in this characterization. *Lewis v. Snap–On Tools Corp.,* 708 F.Supp. 1260 (1989) and *Lancer Arabians, Inc. v. Beech Aircraft Corp.,* 723 F.Supp. 1444 (1989). *But compare Wisconsin Invest. Bd. v. Plantation Square Assoc., Ltd.,* 761 F.Supp. 1569 (S.D.Fla.1991); *Jones v. Wal–Mart Stores, Inc.,* 1991 WL 236503, 1991 U.S. Dist. LEXIS 16003 (S.D.Fla.1991); *Citron v. Armstrong World Indust.,* 721 F.Supp. 1259 (S.D.Fla. 1989).

In *Lewis,* this Court held that *Florida Statutes* section 768.72 was substantive, and thus applied in federal court claims under the Erie Doctrine. Specifically, this Court found that no claim for punitive damages would be permitted unless there is a "showing of evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."

Further, in *Lancer Arabians,* the Middle District noted that while the State's characterization of its law as substantive is not binding, it is persuasive. The Middle District then went on to analyze *Florida Statutes* section 768.72 under the twin aims of the Erie Doctrine, and found the section to be substantive law.

Since the statute in question is substantive law, the Erie Doctrine requires this Federal court to apply it to this case. Plaintiff's mere allegations that Defendant

Carrasquillo's actions were undertaken with malice or racial bias are not sufficient under Florida law to support the claim for punitive damages. Unless and until record evidence supports that there is a basis for recovery of punitive damages, the demand is premature. Therefore, consistent with Section 768.72 of the *Florida Statutes,* all demands for punitive damages will be dismissed without prejudice to refile those demands once they are supported by record evidence.

### CONCLUSION

This Court finds that Plaintiff has sufficiently stated a claim on all counts except one: the claimed First Amendment violations sought to be remedied under 42 U.S.C. § 1983. This portion of the complaint is dismissed with leave to amend. Further, consistent with *Florida Statutes* section 768.72, Plaintiff's demand for punitive damages on the pendent state claims is dismissed without prejudice. Accordingly, it is

ORDERED that the Plaintiff's Motion to Dismiss is hereby GRANTED with respect to the First Amendment violations and the demand for punitive damages, and DENIED with respect to all other counts.

The Clerk of the Court is directed to enter judgment in accordance with this Order.

DONE and ORDERED.