**Crist J. SEARER, Plaintiff,**

**v.**

**Charles B. WELLS as Sheriff of Manatee County in his official capacity, William Sabine, Charles Bowen and Gregory Wells, in their individual capacities, Defendants.**

**No. 93–779–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 18, 1993.

Kennan George Dandar, Dandar & Dandar, P.A., Tampa, FL, for plaintiff.

Ronald A. Labasky, Leonard J. Dietzen, III, Parker, Skelding, Labasky & Corry, Tallahassee, FL, for defendants.

## ORDER ON MOTIONS TO DISMISS COUNTS I, III, IV, AND VI

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants Charles Wells', William Sabine's and Charles Bowen's Motion to Dismiss Counts I, III, and IV of the Complaint, filed June 25, 1993; Plaintiff's response filed July 8, 1993; Defendant Sabine's Motion to Dismiss Count VI of Plaintiff's Amended Complaint, filed September 1, 1993; and Plaintiff's response filed September 16, 1993.

When considering a motion to dismiss, this Court is bound by the well established standard that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Wetzel v. Hoffman,* 928 F.2d 376 (11th Cir.1991) *citing Conley v. Gibson,* 355

U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, this Court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### FACTS:

While Plaintiff was operating his vehicle in Bradenton, Manatee County, Florida on December 21, 1991, Defendant Sabine stopped Plaintiff for an alleged violation of a traffic statute. Plaintiff contends that he was then placed under arrest by Defendant Sabine, and was shoved into the rear seat of Sabine's patrol vehicle. Plaintiff also alleges that after he was placed in the patrol vehicle, Defendant Sabine and Bowen then used excessive force on Plaintiff for no apparent reason.

Plaintiff also contends that at a later time on that date, Defendants Sabine and Gregory Wells subdued Plaintiff while in the County jail facilities, using excessive force, and punched and kicked Plaintiff while placing him in handcuffs and restraining his legs. According to Plaintiff's complaint, Plaintiff was then denied adequate medical treatment.

Plaintiff has alleged that the actions of Sabine, Bowen, and Gregory Wells were the result of negligence, gross negligence, willful bad faith, malicious purpose and in a manner exhibiting wanton and willful disregard of human rights and safety, in violation of Plaintiff's civil rights. Plaintiff has also alleged that Defendant Charles B. Wells, as Sheriff of Manatee County, failed to properly investigate or discipline Defendants Sabine, Bowen and other officers for use of excessive force against Plaintiff. This failure to investigate or discipline, according to Plaintiff, evidences a policy or custom of the Sheriff's Department of Manatee County.

Plaintiff has alleged in Counts III and IV of the Complaint, through this Court's pendant jurisdiction, that the above actions of Sabine and Bowen amount to an assault and battery under state common law. In those counts, Plaintiff requests judgments against Sabine, Bowen and Charles Wells, as Sheriff of Manatee County in his official capacity.

Defendants have denied Plaintiff's allegations and have set forth various affirmative defenses. In addition, Defendants Charles Wells, Sabine and Bowen have moved for the dismissal of Counts I, III, and IV. Plaintiff has filed a response to Defendant's motion and has filed an Amended Complaint. In response to Plaintiff's Amended Complaint, Defendant Sabine moved for dismissal of Count VI of the Amended Complaint.

In Counts III, and IV of the Amended Complaint, Plaintiff requests judgment against Defendant Charles Wells only, in his official capacity, for the actions of Sabine and Bowen. In Counts V and VI of his Amended Complaint, Plaintiff requests judgment against Defendants Sabine and Bowen, individually, for the alleged assault and battery.

### DISCUSSION:

Defendants Charles Wells, Sabine and Bowen, contend that the allegations in Count I of Plaintiff's original Complaint are not sufficient to set forth a causal connection between Defendant Charles Wells and the alleged constitutional deprivation through the actions of Sabine and Bowen. Defendants also allege that Counts III and IV of the original Complaint must be dismissed since the liability of Defendant Charles Wells and his deputies is mutually exclusive under state law. In a separate motion, Defendant Sabine has moved for the dismissal of Count VI of Plaintiff's Amended Complaint. Since resolution of these matters will require analysis of separate bodies of law, this Court will first respond to Defendants' allegations regarding Count I, which are based on federal law.

#### Count I:

■ It is noted by this Court that in the present action Count I of the Complaint alleges violations of civil rights under 42 U.S.C. § 1983. Therefore, the Court will review Defendants' Motion to Dismiss Count I with the knowledge that it has been deemed improper to dismiss a § 1983 claim on the pleadings alone, even if the claim is based on nothing more than the bare allegation that individual officers' conduct conformed to official policy, conduct or practice. *Evans v. McKay,* 869 F.2d 1341, 1349 (9th Cir.1989).

In Defendants' motion to dismiss Count I of the Complaint, Defendants allege that Plaintiff has failed to state a cause of action under § 1983 by failure to allege a causal connection between the actions of Defendant Charles Wells and the actions of his deputies. Defendants are correct that liability for a violation of civil rights under § 1983 may not be premised solely on the theory of respondeat superior. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1503 (11th Cir.1985). However, governmental liability may be imposed for a deprivation of civil rights which occurs pursuant to a governmental custom or policy. *Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir.1989). More specifically, a local government may be held liable under § 1983, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . ." *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978).

Where a government employee is sued in his official capacity under § 1983, the suit is actually against the governmental entity represented by the individual. *Farred v. Hicks*, 915 F.2d 1530, 1532 (11th Cir.1990). Accordingly, Plaintiff's claim for relief in Count I against Charles Wells, in his official capacity as Sheriff of Manatee County, is in effect a claim for relief from the governmental entity that Wells represents. In order to show municipal or governmental liability under § 1983, a single action by an individual with the authority to make policy may be sufficient to show official policy under appropriate circumstances. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986). Although Plaintiff may later be required to show other occurrences of the activity alleged to be the policy of the governmental unit, the allegations within Count I that Defendant Charles Wells, in his official capacity, failed to investigate the alleged use of excessive force and failed to discipline his deputies are sufficient to state a cause of action under § 1983. This finding is in accord with this Court's previous ruling in *Marcus v. Carrasquillo*, 782 F.Supp. 593 (M.D.Fla.1992).

*Counts III and IV:*

In Counts III and IV of the original Complaint, Plaintiff requests judgment against Defendant Charles Wells, in his official capacity, and Defendants Sabine and Bowen, individually, for the alleged assault and battery of Plaintiff while in police custody. This claim, attached to the § 1983 action through pendent jurisdiction, is based on state common law.

Under § 768.28(9)(a), Florida Statutes, the exclusive remedy for an injury that occurred as a result of the actions or omissions of an officer, employee or agent of the state is an action against the governmental entity, or the head of that entity, in his official capacity. Therefore, Plaintiff's allegations against Defendant Charles Wells, in his official capacity, clearly state a cause of action against Manatee County, pursuant to the statutory waiver of sovereign immunity in Section 768.28, Florida Statutes (1991).

However, under section 768.28(9)(a), an officer, employee or agent of the state may not be held personally liable, or named as a party defendant, in an action for injury or damage resulting from an act undertaken in the scope of employment, unless that action was undertaken in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property. In Counts III and IV of the original Complaint, Plaintiff alleges that the actions of Defendants Sabine and Bowen constitute gross negligence and/or an intentional act. Clearly, Plaintiff has not alleged that the actions of Sabine and Bowen were undertaken in bad faith, with malicious purpose or with wanton and willful disregard of Plaintiff's rights. As such, Counts III and IV of Plaintiff's original complaint do not allege a cause of action against Sabine and Bowen, individually, absent the appropriate allegations set forth above. *See Richardson v. City of Pompano Beach*, 511 So.2d 1121 (Fla. 4th DCA 1987). Had the original Complaint not been amended to separate the allegations against Defendant Charles Bowen from the allegations against Sabine and Bowen, this Court would have been inclined to dismiss the claims in Counts

III and IV against Sabine and Bowen. However, the separation of the claims in Plaintiff's Amended Complaint, and the additional allegations against Sabine and Bowen which specifically included allegations of bad faith, malicious purpose, and wanton and willful disregard for the Plaintiff's human rights, were sufficient to cure any defect in the pleadings. As a result of these changes, Plaintiff has removed the basis for the contentions of Defendants Charles Wells, Sabine, and Bowen, regarding Counts III and IV.

█ However, Defendant Sabine's Motion to Dismiss Count VI of the Amended Complaint, raises another question concerning the allegations against Defendant Charles Wells. The facts as alleged by Plaintiff indicate that the claims against Defendant Charles Wells arose from the same activity that is the basis for the allegations against Sabine and Bowen. Florida law dictates that § 768.28(9)(a) may act as a bar to governmental liability for the actions of employees which are undertaken in bad faith, with malicious purpose, or with wanton and willful disregard of human rights. *Williams v. City of Minneola*, 619 So.2d 983 (Fla. 5th DCA 1993). Accordingly, the governmental entity which employs the wrongdoers retains immunity from liability when the actions of its employees were undertaken in that manner. Therefore, the allegations in Counts III, and IV against Defendant Charles Wells, and in Counts V and VI against Defendants Sabine and Bowen, in Plaintiff's Amended Complaint, are mutually exclusive. On that basis, Defendant Sabine has alleged that the claims set out in Counts III, IV, and those in Counts V and VI may not be raised simultaneously.

This Court first takes note of the fact that questions regarding the intent and purpose underlying the alleged actions of Sabine and Bowen are to be determined by the trier of fact, and are not appropriate for consideration on motion to dismiss. *See L.S.T., Inc. v. Crow*, 772 F.Supp. 1254 (M.D.Fla.1991). Should the trier of fact determine that the actions undertaken by Sabine and Bowen were in bad faith, with malicious purpose or with wanton and willful disregard for human

rights, the claims against Defendant Charles Wells in his official capacity would be barred under § 768.28(9)(a). Until that finding is made, Plaintiff's allegations against Defendants Charles Wells, Sabine and Bowen, as set out in Counts III, IV, V, and VI of the Amended Complaint, will be viewed by this Court as alternate claims for relief, expressly permitted under Rule 8(e)(2) of the Federal Rules of Civil Procedure. Generally, such alternative claims for relief are drafted in the form of "either-or". *See*, 5 Wright & Miller, Federal Practice and Procedure s. 1282, at 525 (2d ed. 1990). However, no harm is done by construing Plaintiff's allegations as alternative claims for relief, especially in light of the fact that liberal construction of pleadings is in line with the Federal Rules of Civil Procedure. *Beacon Theatres v. Westover*, 359 U.S. 500, 506, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1958). Should the facts at some point become sufficient to clearly eliminate one of the alternatives, the inappropriate claim may be dealt with at that time. *Jakobsen v. Massachusetts Port Authority*, 520 F.2d 810 (1st Cir.1975) (jurisdictional defenses like sovereign immunity may be raised at any time.)

*Count VI:*

Defendant Sabine, in his motion to dismiss Count VI of the Amended Complaint, also contends that Counts V and VI are duplicative, repetitious, identical, and unnecessary. Plaintiff, in response to Defendant Sabine's motion, has indicated to the Court that Count V of the Amended Complaint requests relief for the alleged assault and battery of Plaintiff prior to his transportation to the jail facility. According to Plaintiff, Count VI requests relief on the basis of the assault and battery of Plaintiff that allegedly occurred while he was held in the jail facility.

A simple examination of the Amended Complaint reveals that Plaintiff has indeed set out the factual background regarding the alleged assaults separately, in Counts I and II. Therefore, the allegations in Counts V and VI which reallege the allegations from Counts I and II respectively, clearly indicate that Counts V and VI are premised on separate incidents involving some of the same individuals. Accordingly, it is

**ORDERED** that the motion to dismiss Counts I, III, and IV of the Complaint filed by Defendants Charles Wells, Sabine and Bowen is **denied;** and Defendant Sabine's motion to dismiss Count VI of the Amended Complaint is **denied.**

**DONE and ORDERED.**