511 So.2d 1121 (1987)
Dean RICHARDSON, Appellant,
v.
CITY OF POMPANO BEACH and Robert Rudock, Appellees.
No. 87-0150.
District Court of Appeal of Florida, Fourth District.
September 9, 1987.
*1122 William F. Seitz of James C. Brady, P.A., Fort Lauderdale, for appellant.
Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellees.
DOWNEY, Judge.
The appellate question presented in this case is whether section 768.28(9)(a), Florida Statutes (Supp. 1984), immunizes a governmental entity from liability for the intentional torts of its employees committed in the course and scope of their employment where the act or conduct does not involve bad faith or malicious purpose, nor was it committed in a manner exhibiting a wanton and willful disregard of human rights, safety, or property.
We hold that the referenced section does not immunize governmental entities from such intentional torts.
Appellant, Dean Richardson, appeals from an order dismissing two counts of his amended complaint against the appellee, City of Pompano Beach, wherein Richardson seeks damages against the city for police officer Robert Rudock's use of excessive force and false arrest and detention which occurred during the arrest and incarceration of Richardson. Pursuant to motion, the trial court dismissed counts I and II of Richardson's amended complaint because the court was of the opinion that a municipality cannot ever be liable under section 768.28(9)(a) for intentional torts committed by its police officers, including specifically use of excessive force and false arrest.
The statutory section in question provides:
(9)(a) No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or *1123 property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
As this statute providing for governmental immunity in certain situations has evolved, it appears the governmental entity is liable for all torts, negligent ones and intentional ones alike, unless they are committed outside the course and scope of one's employment or unless the actor was acting in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
The city believes, as did the trial judge, that intentional torts are within the pale of governmental immunity because it equates the word "intentional" with the words "wanton and willful." We believe that the juxtaposition of the latter words with the remainder of the phrase "wanton and willful disregard" connotes conduct much more reprehensible and unacceptable than mere intentional conduct. This seems to be the view of the cases decided prior to the latest revision of the immunity statutes and of the text writer in Florida Jurisprudence wherein it is stated:
The question of whether the waiver provisions of the Tort Claims Act extend beyond mere negligent conduct to include intentional torts committed by public employees would appear to have been affirmatively answered by decisions rendered prior to passage of the act. Those decisions, which involved only municipal liability due to the still extant absolute immunity of the state and its agencies and non-municipal subdivisions, held that a municipality could be found liable for both negligent as well as intentional torts committed by its employees acting within the scope of their employment, such as where a police officer commits an unlawful assault. In as much as such liability was bottomed principally on the broad foundation of respondeat superior, as is also the case under the Tort Claims Act which predicates any governmental liability on the pre-condition that the public employee's negligent or other wrongful act was committed by the employee while acting within the scope of his office or employment, and given the unequivocal inclusion of municipalities within the definition of public entities subject to the act, there seems little doubt but that any public entity subject to the act's waiver provisions may be held accountable for intentional wrongs committed by its employees acting within the scope of their office or employment, provided that no immune discretionary governmental function is involved, and provided also that the employee has not acted in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
28 Fla.Jur.2d Government Tort Liability § 15 (1981).
A good example of a finding of governmental responsibility for the intentional acts of a police officer, albeit under the pre-1984 amendment to this statute, is Hennagan v. Dept. of Highway Safety and Motor Vehicles, 467 So.2d 748 (Fla. 1st DCA 1985). There a complaint against the Department of Highway Safety and Motor Vehicles was upheld although it charged the Department with liability for negligence, false imprisonment, unlawful search and invasion of privacy, arising out of a stop and search and ultimate alleged sexual abuse of a minor by a uniformed officer of the Department. As the court pointed out, section 768.28(1) provides for the waiver of sovereign immunity for liability for the negligent or wrongful acts or omissions of its officers and employees while acting within the scope of their office or employment under circumstances in which the state or any agency thereof, if a private person would be liable to the claimant in accordance with the general laws of this state. This construction remains applicable to the version of the statute applicable here. Hennagan discusses a number of earlier cases which involve intentional torts *1124 creating liability against a governmental entity. The main inquiry in these cases does not generally involve the dichotomy between negligence and intentional torts but whether the intentional tort falls outside the actor's scope of employment. That, of course, is a fact question which the trier of fact will eventually decide.
The second amended complaint in question here alleges that the tortious acts occurred while the officer was acting within the scope of his employment and there are no allegations of bad faith, malicious purpose, or wanton and willful disregard of human rights, safety or property. Furthermore, the intentional torts involved herein do not inherently or necessarily involve those elements which would activate immunity.
Accordingly, the trial court erred in dismissing counts I and II of the second amended complaint with prejudice and the order of dismissal is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ANSTEAD and DELL, JJ., concur.