514 So.2d 1129 (1987)
Dale Aubrey MAYBIN, Appellant,
v.
Malcolm THOMPSON, Individually and in His Official Capacity As a Member of the Fort Myers Police Department and City of Fort Myers, a Municipal Corporation, Appellees.
No. 87-49.
District Court of Appeal of Florida, Second District.
November 4, 1987.
*1130 James W. Whitney, Fort Myers Beach, and Douglas S. Lambeth, Fort Lauderdale, for appellant.
Chris W. Altenbernd, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
THREADGILL, Judge.
Dale Aubrey Maybin appeals a final summary judgment granted to the City of Fort Myers. Maybin had filed a complaint against the city and police officer Malcolm Thompson for damages resulting from a physical altercation between Maybin and Thompson. In counts naming the city, Maybin alleged first that Thompson, while acting in the scope of his employment, assaulted Maybin, and in count II, alleged that Thompson falsely arrested and imprisoned him. In count III the complaint alleged that the city was liable for the negligent hiring and training of Officer Thompson. The trial court granted the city's motion for summary judgment and found as a matter of law that the doctrine of sovereign immunity was a bar to Maybin's complaint against the city. We reverse the judgment as it pertains to count I (assault and battery), and count II (false arrest and imprisonment) because the record shows a genuine issue of material fact which prohibits summary judgment. We affirm the judgment as to count III (negligence) because the employment of police officers is generally considered to be an immune policy-making activity and, further, there were no facts in Maybin's complaint to sustain the allegations of negligence. The remaining counts of the complaint pertain to the individual liability of the police officer and are not before us.
The acts giving rise to this suit occurred on May 2, 1981. According to Maybin's deposition in the record, Maybin, his father, and two girls went to the Fort Myers police station to inquire about the arrest of Maybin's two brothers. Inside the station, the group got into an argument with a police officer. Officer Thompson overheard the conversation and in effect told Maybin and friends that it would be best for them to leave. The four then left the police station and walked across the street to their automobile. While Maybin was unlocking the car, Officer Thompson and two other police officers approached them. According to Maybin, Thompson pulled out his nightstick or blackjack and asked to see Maybin's driver's license. Maybin handed Officer Thompson the license. Thompson told him he was very close to going to jail, and ordered Maybin to put his hands on the car. Someone knocked the nightstick out of Thompson's hand. Thompson then grabbed Maybin's arm, twisted it and all three officers jumped on him. Maybin was arrested, and charged with disorderly conduct and resisting arrest without force and violence. At a jury trial on these charges, the trial judge granted Maybin a directed verdict of acquittal. Maybin then filed this action against the city and Officer Thompson.
The legislature has relieved municipalities of liability for the tortious actions of employees only when the employee's acts or omissions are committed "outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property." § 768.28(9)(a), Fla. Stat. (Supp. 1986).
In Reddish v. Smith, 468 So.2d 929 (Fla. 1985), the Florida Supreme Court stated that "the government's liability for the acts *1131 ... under the concept of respondeat superior would depend on the acts being committed in the course of his employment." Id. at 932. See also Burroughs Corp. v. American Druggists, Inc., 450 So.2d 540 (Fla. 2d DCA 1984). In the case at bar, the counts naming the city allege that the actions were committed by the officer while performing such duties for the city as are generally conceded to be within the authority of police officers. The counts against the city do not allege that the officer acted in bad faith or with wanton and willful disregard for human rights, safety or property. While such allegations are included in the counts against Officer Thompson, the only testimony before the court at the time of the city's motion for summary judgment was the deposition of Maybin. The deposition indicates that Thompson, at least in requesting to see Maybin's license, was acting within the scope of his employment and in the interest of the city.
A summary judgment is proper where it is shown that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510(c). When differing inferences may be drawn concerning whether an employee is operating within the scope of employment, the question is generally for the jury. Weiss v. Jacobson, 62 So.2d 904 (Fla. 1953); Carroll v. Kencher, 491 So.2d 1311 (Fla. 4th DCA 1986); Burroughs Corp. v. American Druggists, Inc., 450 So.2d 540 (Fla. 2d DCA 1984); Love v. City of Pembroke-Pines, 513 So.2d 1284 (Fla. 4th DCA 1987). Because the court made no specific finding which would trigger operation of the sovereign immunity statute, we cannot say with certainty that there was no question of material fact or that the defendant city was entitled to judgment as a matter of law. On motion for summary judgment by the defendant, the burden is on the defendant to establish his defense by proof of the facts pleaded. See Burroughs, 450 So.2d 540.
Nor do we believe that a government is never liable for the intentional torts of employees. In Hennagan v. Department of Highway Safety and Motor Vehicles, 467 So.2d 748 (Fla. 1st DCA 1985), the court held that sovereign immunity does not bar claims for tortious acts that arise from an officer's conduct during and after arrest. In Richardson v. City of Pompano Beach, 511 So.2d 1121 (Fla. 4th DCA 1987), the court held that a city may be liable for intentional torts of a police officer committed during arrest and detention. We agree with the Fourth District that the phrase "wanton and willful" in the statute "connotes conduct much more reprehensible and unacceptable than mere intentional conduct." 511 So.2d at 1121. In Richardson, as in the case at bar, the city and a police officer were sued for use of excessive force and false arrest and detention during an arrest.
Because there is sufficient evidence in the record to raise the factual issue of whether Thompson was acting within the scope of his employment as a police officer, it was error to grant summary judgment on counts I and II of his complaint. We therefore reverse the summary judgment as it pertains to these counts. We affirm the summary judgment as to count III of the complaint.
Reversed in part, affirmed in part, and remanded for proceedings consistent with this opinion.
DANAHY, C.J., and FRANK, J., concur.