547 So.2d 339 (1989)
Tyniece CARPENTER, Appellant,
v.
CITY OF ST. PETERSBURG, and St. Petersburg Police Department, Appellees.
No. 88-02243.
District Court of Appeal of Florida, Second District.
August 11, 1989.
*340 W. Thomas Wadley of Yanchuck, Thompson, Young & Berman, P.A., St. Petersburg, for appellant.
William N. Drake, Jr., Asst. City Atty., St. Petersburg, for appellees.
CAMPBELL, Chief Judge.
Appellant, Tyniece Carpenter, appeals the order dismissing her complaint against appellee, the City of St. Petersburg and the later summary judgment entered for appellee, Kenneth Kokotek, a St. Petersburg police officer. We affirm in both regards.
On March 2, 1984, Officer Kokotek received documents from his supervisor which indicated that an outstanding warrant was in existence for the arrest of Rosa Lee Carpenter, a black female, on forged check charges. The information available to Officer Kokotek indicated that Rosa Lee Carpenter used an alias name of "Tyniece Andreas Carpenter." Officer Kokotek went to the home of Rosa Carpenter's mother who told him that Rosa Carpenter was living at 800 22nd Street with her sister, Janet. Officer Kokotek went to the address which was an apartment building. The manager told Officer Kokotek that Janet Carpenter and another black female resided in apartment number one. The manager further informed him that Janet was not there at the time, but that the other female (the one thought to be Rosa Lee Carpenter) was there. Officer Kokotek and his partner went to the apartment and a black female answered their knock on the door. The officers identified themselves and said they were looking for Rosa Carpenter. The black female (appellant) told the officers that Rosa was her sister. The officers asked for identification. Appellant had no driver's license and produced only a photograph of herself and a letter addressed to Tyniece Carpenter. The officers concluded that appellant was Rosa and arrested her. She called her mother from the jail to bring her some identification. The mother brought no identification and appellant spent the night in jail. After a hearing the next morning, another officer showed up with the "real Rosa" and appellant was released.
Appellant filed her action against appellee city on a theory of negligent arrest. The city is immune from liability on a "negligent arrest" theory, as the trial judge correctly found, on the basis of the reasoning and holding of Everton v. Willard, 468 So.2d 936 (Fla. 1985). The governmental activity for which appellant seeks to hold the city accountable in damages is a category II activity as defined in Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). Sovereign immunity therefore applies.
*341 Appellant's action against appellee Kokotek was based on 42 U.S.C. § 1983. We find that the trial judge was correct in entering its summary judgment for appellee Kokotek. Officer Kokotek was immune from an action in tort by reason of section 768.28(9)(a), unless he acted in bad faith or maliciously. No such conduct is alleged. Moreover, 42 U.S.C. § 1983 does not convert allegations amounting to no more than simple negligence into a constitutional deprivation resulting in a basis for suit under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The legitimately or negligently mistaken arrest of an innocent person does not support a cause of action under 42 U.S.C. § 1983. Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).
Affirmed.
LEHAN and PATTERSON, JJ., concur.