603 So.2d 18 (1992)
Joshua Page LESTER, Appellant,
v.
THE CITY OF TAVARES, Florida, etc., et al., Appellees.
No. 91-2486.
District Court of Appeal of Florida, Fifth District.
July 10, 1992.
Michael H. Hatfield, Umatilla, for appellant.
F. Scott Pendley and Donovan A. Roper of Dean, Ringers, Morgan & Lawton, Orlando, for appellees.
PER CURIAM.
This is the appeal of the dismissal of a six-count amended complaint[1] against the City of Tavares (the "City") and one of its police officers arising out of an alleged false (warrantless) arrest. The appellees urged the trial court to dismiss on the basis that the decision whether to arrest was a discretionary governmental function for which neither the City nor the officer could be liable under the doctrine of sovereign immunity. Everton v. Willard, 468 So.2d 936 (Fla. 1985)[2]; Trianon Park Condo. *19 Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985); Carpenter v. City of St. Petersburg, 547 So.2d 339 (Fla. 2d DCA), rev. denied, 554 So.2d 1167 (Fla. 1989).[3] The lower court accepted this argument and dismissed the complaint based on sovereign immunity. We reverse.
A police officer is invested with discretion to decide whether to arrest, or not to arrest, a person who is properly the subject of an arrest, as in Everton. Nevertheless, a police officer does not have the discretionary authority to arrest a citizen whom the officer does not have probable cause to believe has committed an offense.[4] This is why there is a body of law in Florida recognizing liability for false arrest by a law enforcement officer. See, e.g., LeGrand v. Dean, 564 So.2d 510 (Fla. 5th DCA 1990), rev. denied, 576 So.2d 288 (Fla. 1991) and cases cited therein. There is no sovereign immunity for false arrest and the lower court erred in dismissing the false arrest count on that basis.[5]See Maybin v. Thompson, 514 So.2d 1129, 1131 (Fla. 2d DCA 1987); Richardson v. City of Pompano Beach, 511 So.2d 1121, 1123 (Fla. 4th DCA 1987), rev. denied, 519 So.2d 986 (Fla. 1988).
The lower court identified "qualified immunity" as an alternative basis for dismissal, without specifying any particular claim to which it was being applied. On appeal, appellees urge qualified immunity only as a defense to the claim under 42 U.S.C. § 1983 against the individual police officer. Appellees assert the correctness of the court's ruling based on references to deposition testimony and other discovery as well as the probable cause affidavit attached to the amended complaint. Because qualified immunity is a defense to a section 1983 claim, the question whether it precludes liability should normally be raised by motion for summary judgment, determined by the trial court after an adequate development of the factual record. Hannula v. City of Lakewood, 907 F.2d 129 (10th Cir.1990); Rich v. Dollar, 841 F.2d 1558 (11th Cir.1988); Riley v. Wainwright, 810 F.2d 1006 (11th Cir.1986).
In the present case, many facts important to both parties' contentions do not appear in the complaint or its attachments. The amended complaint, with the arrest affidavit attached, alleged appellant was an invited guest at a private residence where the police officer, who had gone to the residence due to a neighbor's claim of excessive noise, found two marijuana "roaches" on a table. Several persons were present in the apartment, including the tenant, a female, named Debbie. The "roaches" were "within reach" of everyone in the apartment. When asked by police, after being advised of their rights, all denied knowledge of the "roaches" except appellant, who exercised his right not to answer the officer's question. Appellant alleged that he never possessed the marijuana and the officer did not have probable cause to believe he had committed the drug possession offense for which he was arrested.
We see no error in the court's dismissal of the remaining claims, even though we do so under the "tipsy coachman rule." See, e.g., Carraway v. Armour & Co., 156 So.2d 494, 497 (Fla. 1963). In three of the counts appellant asserted claims for battery and libel, based upon the officer's placing of the appellant in physical custody and his preparation of an arrest affidavit. As pleaded, however, these acts are no more than ordinary incidents of the *20 arrest, which do not give rise to an independent tort. If the tort of false arrest was committed, these acts are simply evaluated in calculating damages. See Boyles v. Mid-Florida Television Corp., 431 So.2d 627, 636 (Fla. 5th DCA 1983), approved, 467 So.2d 282 (Fla. 1985); cf. Fridovich v. Fridovich, 598 So.2d 65 (Fla. 1992). Finally, the claim for "abuse of process" was properly dismissed because it is plainly inapplicable to the facts of this case. See, e.g., Thomson McKinnon Securities, Inc. v. Light, 534 So.2d 757 (Fla. 3d DCA 1988); Yoder v. Adriatico, 459 So.2d 449 (Fla. 5th DCA 1984); Restatement (Second) of Torts § 682 cmt. b (1977).
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings consistent with this opinion.
DAUKSCH, HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] The complaint included claims for libel, two counts of battery, false imprisonment, abuse of process and 42 U.S.C. § 1983.
[2] Appellees' counsel argued to the trial court that: "Everton v. Willard gives the police total immunity to arrest someone or not, with or without probable cause." However, counsel also expressed the view that the Everton immunity would extend to negligent arrests as in Carpenter, or "failure to arrest" cases, but not to "false arrest" cases. At oral argument appellees' counsel agreed that sovereign immunity will not preclude a tort claim for an arrest made without probable cause.
[3] In the Carpenter case, one of the cases relied on by the trial court, a wrongful arrest was found to be protected by sovereign immunity; however, Carpenter involved the negligent execution of an arrest warrant and is so factually and legally dissimilar from this case that we cannot apply it to the present facts.
[4] For discretionary immunity to attach, the governmental agency must possess the requisite legal authority to do the act. Trianon, 468 So.2d at 918.
[5] Although the issue of whether the police officer had "probable cause" to arrest was discussed during oral argument, we decline to decide this issue at this time. It was not asserted in appellees' motion to dismiss nor is there any suggestion in the record it was considered by the trial court. It was not raised by appellees on appeal except in aid of the qualified immunity defense. See § 901.15(1), Fla. Stat. (1989).