**Thomas Brook MAHON, Plaintiff,**

v.

**CITY OF LARGO, FLORIDA, a municipal corporation, and Officer Matthew Desjardins, Defendants.**

**No. 92–1105–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

July 26, 1993.

Donald Edward Horrox, Robert George Walker, Jr., Law Office of Robert G. Walker, Jr., Clearwater, FL, for plaintiff.

Andrew James Salzman, Tew, Zinober, Barnes, Zimmet & Unice, Clearwater, FL, for defendant City of Largo.

Andrew James Salzman, Tew, Zinober, Barnes, Zimmet & Unice, Marion Hale, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for defendant Michael Desjardins.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions:

1. Defendants' motion to dismiss third amended complaint, filed January 25, 1993.

2. Defendant City of Largo's motion to dismiss amended third amended complaint, filed March 2, 1993.

3. Plaintiff's motion to strike certain immaterial, impertinent and particularly scandalous matter, and to add a claim for punitive damages, filed April 2, 1993.

4. Defendant Officer Desjardins' motion for judgment on the pleadings, filed April 6, 1993.

5. Plaintiff's motion for partial summary judgment on the issue of liability as to Defendant Officer Desjardins, filed April 9, 1993.

6. Defendant City of Largo's motion for summary judgment, filed April 12, 1993.

7. Defendant City of Largo's motion to strike motion for summary judgment on issue of liability, filed April 19, 1993.

8. Defendant Officer Desjardins' motion to supplement response to plaintiff's motion for partial summary judgment, filed April 27, 1993.

## FACTUAL BACKGROUND

Plaintiff's third amended complaint, filed February 11, 1993, names the City of Largo as Defendant in four counts of false arrest, negligent training, negligent supervision, and civil rights violation of false arrest under 42 U.S.C. § 1983; and names Officer Matthew Desjardins as Defendant in one count of civil rights violation for false arrest under 42 U.S.C. § 1983.

Plaintiff alleges that on May 17, 1991, at approximately 8:00 p.m., Defendant Desjardins, acting within the scope of his employment by the City of Largo as a police officer, stopped Plaintiff for careless driving. While attempting to make a left turn onto Missouri Avenue from Rosery Road, Plaintiff accelerated through the turn causing the vehicle to spin 180 degrees on the wet pavement. Officer Desjardins observed the incident from his patrol car parked near the intersection and stopped the Plaintiff.

Plaintiff presented his driver's license, which had been issued on April 23, 1991, and which clearly stated on the front of the license that it was a "Class E" license. Section 322.54, Florida Statutes (1991) sets forth five different classes of driver's licenses; "Class E" driver's license holders generally may drive any type of motor vehicle, other than the type of vehicle for which Class A, Class B, Class C, or Class D driver's license is required pursuant to Section 322.54(2)(e) (1991). Officer Desjardins mistook the classification for a restriction code "E", which restricts the operator to daylight driving only. Although Plaintiff assured Officer Desjardins that his driver's license had no restrictions, Officer Desjardins arrested the Plaintiff for driving at night with a restricted license. Plaintiff was handcuffed, charged with a license violation and imprisoned for approximately six hours in the Pinellas County Jail until he posted bond and was released.

Plaintiff's drivers license was, in fact, unrestricted, and Officer Desjardins acknowledges that it was a mistake to have arrested

Plaintiff for the license violation. Notwithstanding the license mistake, Officer Desjardins alleges the arrest was valid because he had probable cause to arrest Plaintiff for reckless driving and driving under the influence. Officer Desjardins testified in his deposition that he observed an open beer container in the Plaintiff's vehicle, Plaintiff had alcohol on his breath, and Plaintiff's eyes were red and watery. Officer Desjardins did not conduct a field sobriety test, either before or after the arrest, to ascertain whether the Plaintiff was, indeed, under the influence of alcohol.

## DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The Defendants filed motions to dismiss Plaintiff's third amended complaint on January 25, 1993 and March 2, 1993. The Court does find the third amended complaint, caption title, COUNT III—§ 1983 CIVIL RIGHTS VIOLATION (MATTHEW DESJARDINS) confusing. It should be read in accordance with Plaintiff's response, filed March 8, 1992, to Defendant motion as follows: "COUNT III—CITY'S NEGLIGENT SUPERVISION". Aside from this nominal correction, the Court finds that Plaintiff has sufficiently alleged facts and elements of law necessary to sustain his complaint; and accordingly, the Defendants' motions to dismiss are **DENIED**.

## STANDARD FOR MOTION FOR SUMMARY JUDGMENT

In the complete absence of genuine issues of material fact to support the allegations of a plaintiff, the defendant is entitled to summary judgment as a matter of law.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Eleventh Circuit clearly holds that the party moving for summary judgment bears the initial burden of showing the lack of a genuine issue of material fact. *Goree v. Winnebago Industries, Inc.,* 958 F.2d 1537 (11th Cir.1992) (citing *Celotex Corp. v. Catrett*). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party without first weighing the probative value of the evidence. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994 (5th Cir.1979); *Gerber v. Longboat Harbor North Condominium, Inc.,* 757 F.Supp. 1339 (M.D.Fla.1991). Factual disputes preclude summary judgment. *Celotex Corp. v. Catrett.* A motion for judgment on the pleadings shall be treated as one for summary judgment. Fed.R.Civ.P. 12(c).

## DEFENDANT DESJARDINS' MOTION FOR JUDGMENT ON THE PLEADINGS

■ Defendant Desjardins filed a motion for judgment on the pleadings on April 6, 1993, asserting that a negligent arrest is insufficient to sustain a Section 1983 claim. In support of his motion the Defendant cites *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (negligence is not sufficient to give rise to a Section 1983 claim based upon a deprivation of due process) and *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (where a government official is merely negligent in causing injury, no procedure for compensation is constitutionally required).

In *Daniels,* the Supreme Court held that due process was not implicated when a prisoner slipped on a pillow negligently left on the jail stairs by the sheriff. The Court concluded that the mere lack of due care resulting in injury did not deprive the inmate of life, liberty or property guaranteed under the Fourteenth Amendment. In dismissing the suit, the *Daniels* Court stated, "We should not open the federal courts to lawsuits where there has been no *affirmative abuse of power." Id.,* 474 U.S. at 330, 106 S.Ct. at 664 [quoting *Parratt v. Taylor,* 451 U.S. 527, 548,

101 S.Ct. 1908, 1919, 68 L.Ed.2d 420 (1981) ] (emphasis added).

In *Davidson,* another Fourteenth Amendment case, the plaintiff, a prisoner, alleged prison officials violated his constitutional rights by failing to protect him from assault by another prisoner after he sent a note to officials warning of the attack. The Supreme Court held that the official's lack of due care in protecting the inmate did not approach the sort of abusive government conduct that the due process clause was designed to protect.

■ Both cases cited by Defendant Desjardins involve violations of Fourteenth Amendment due process rights, not false arrest claims under the Fourth Amendment. In contrast to the *Daniels* and *Davidson* due process claims, Plaintiff alleges a violation of his Fourth Amendment right to be protected against unreasonable seizure. In the Eleventh Circuit, a warrantless arrest without probable cause violates the Constitution and forms the basis for a Section 1983 claim. *Marx v. Gumbinner,* 905 F.2d 1503, 1505 (11th Cir.1990). In the instant case, the arrest of Plaintiff was a deliberate affirmative act by Defendant Desjardins and should be judged on a probable cause standard and not on a negligent standard suggested by Defendant. Accordingly, Defendant Desjardins' motion for judgment on the pleadings is **DENIED.**

## DEFENDANT CITY OF LARGO'S MOTION FOR SUMMARY JUDGMENT

Defendant City of Largo filed a motion for summary judgment on April 12, 1993, asserting: 1) the absence of negligence by the City in the training and supervision of Officer Desjardins; 2) the absence of evidence to show a City policy of deliberate indifference to Plaintiff's constitutional rights to sustain a Section 1983 claim; and, 3) the City is immune from liability for false arrest under the doctrine of sovereign immunity.

■ In support of its motion asserting absence of negligence in training and supervision of police officers, Defendant City offers affidavits and depositions of police officials extolling the extensive training provided to

members of the police force. Plaintiff, on the other hand, has submitted depositions which depict a less laudable picture of police training; alleging inadequate training, particularly in regard to changes in motor vehicle statutes, an important issue in this case.

This Court finds that because there are genuine issues of material fact concerning police training and supervision, summary judgment is inappropriate; and accordingly, Defendant City's motion for summary judgment on Counts II and III is **DENIED.**

■ The City alleges an absence of evidence to sustain a Section 1983 action against it. In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a plaintiff can sue a local government for violations of constitutional rights where the deprivation results from "policy, ordinance, or regulation which fairly represents official policy". In *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), the Supreme Court held that under "limited circumstances", the inadequacy of police training may serve as a basis for Section 1983 liability. However, only where the failure to train in a relevant respect amounts to a "deliberate indifference" to the constitutional rights of the persons with whom the police come into contact is there municipal liability for failure to train under Section 1983. *City of Canton,* 489 U.S. at 387–88, 109 S.Ct. at 1203–04.

In the instant case, Plaintiff has asserted that failure to train police officers is the result of a deliberate policy of the City to deprive persons of their constitutional rights. The pleadings and depositions do not support this broad and conclusory contention. While Plaintiff has provided some evidence that police training could have been improved, the record is completely devoid of any facts to support the allegation of a deliberate city policy to deprive any person of their constitutional rights. On the contrary, the City mandates annual training for all police officers, and each officer, including Defendant Desjardins, received a copy of the Florida Law Enforcement Handbook, 1991 edition, containing reference to changes in Chapter 322,

Motor Vehicle Drivers Licenses, and was instructed to become familiar with its contents. Furthermore, the evidence shows that efforts were made to disseminate changes in the law to patrol officers on a regular basis.

The fact that a particular officer "may be unsatisfactorily trained will not alone suffice to fasten liability on the City, for the shortcomings may have resulted from factors other than a faulty training program". *City of Canton,* 489 U.S. at 390–91, 109 S.Ct. at 1206. In the instant case, Plaintiff has failed to show an affirmative link between his arrest and any City policy or custom that deprives persons of their civil rights. See also *La Plant v. Frazier,* 564 F.Supp. 1095 (E.D.Pa.1983). Accordingly, Defendant City of Largo's motion for summary judgment with respect to Count V—§ 1983 CIVIL RIGHTS VIOLATION is **GRANTED.**

Defendant City maintains that it is immune from liability for false arrest under the doctrine of sovereign immunity, and cites *Carpenter v. City of St. Petersburg,* 547 So.2d 339 (Fla. 2d DCA1989) to support its proposition. In *Carpenter,* the Court held that the city of St. Petersburg could not be held liable for an allegedly negligent arrest, because a decision to arrest is a discretionary police power, immune from suit under the ruling of the Florida Supreme Court in *Trianon Park Condominium v. City of Hialeah,* 468 So.2d 912 (Fla.1985). The reasoning in *Carpenter* is dubious and conflicts with the Fourth District Court of Appeals.

This Court believes that the *Carpenter* Court misconstrues the meaning of "discretionary police power" that entitles a municipality to immunity. The Florida Supreme Court, in *Trianon,* provides illustrations where the police power discretionary function is immune from suit. *Carpenter* cites one of these cases, *Everton v. Willard,* 468 So.2d 936 (Fla.1985), to support its holding. In *Everton* (police officer failed to arrest an intoxicated driver, and instead issued a ticket to the driver, who later drove away and killed a pedestrian), the Court held that the decision not to arrest an intoxicated driver was a judgmental, discretionary act; and since there was no common law duty owed to the pedestrian victim, the police officer was

immune from suit. *Everton* is a case where immunity precluded a third party suit by an innocent party injured as a result of a discretionary decision *not* to arrest a suspected criminal. *Everton* holds that a police officer does not have a common law duty of care to an innocent third party when he decides not to arrest a suspect; but it does not hold, as *Carpenter* suggests, that there is no duty of care to an arrestee which requires probable cause to make an arrest. *Carpenter* contorts the holding in *Everton* by providing immunity for decisions to arrest suspects, irrespective of the existence of probable cause.

The Fourth District Court of Appeals is in direct conflict with *Carpenter*. In *Richardson v. City of Pompano Beach*, 511 So.2d 1121 (Fla. 4th DCA 1987), the Court held that the governmental immunity statute did not immunize the city from liability for false arrest, when the police officer was acting within the scope of his employment and his conduct did not involve bad faith or malicious purpose.

■ The Florida Supreme Court has not, to this Court's knowledge, resolved the apparent conflict between the Second and Fourth District Court of Appeals, as to whether a municipality is immune from liability for false arrest under state tort law. Under the circumstances, this Court's disposition of the issue must be governed by a prediction of how the state's highest court would decide were it confronted with the problem. *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3d Cir.1980). When intermediate appellate court decisions are in conflict and no state Supreme Court authority exists, those appellate court decisions provide the district court with data for ascertaining relevant state law, but may be disregarded if the district court is convinced that the state Supreme Court would decide otherwise. *American Dental Association v. Hartford Steam Boiler Inspection and Insurance Co.*, 625 F.Supp. 364 (N.D.Ill.1985).

The issue in the instant case is whether the waiver provisions of the Tort Claims Act, Section 768.25, extend beyond mere negligent conduct to include intentional torts such as false arrest. There seems little doubt that a public entity subject to the waiver provisions of Section 768.28 may be held accountable for the intentional wrongs committed by its employees acting within the scope of their employment, provided that the employee has not acted in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. *Richardson*, 511 So.2d at 1123 [quoting 28 Fla.Jur.2d Government Tort Liability § 15 (1981)].

■ This Court adopts the *Richardson* rule that a municipality is not immune from suit for false arrest committed by a police officer while acting in the scope of his employment provided the officer did not act in bad faith or with malicious purpose. Officer Desjardins acted within the scope of his employment when he arrested Plaintiff. Furthermore, Defendant City has not alleged that Officer Desjardins acted in bad faith or with malicious purpose. Accordingly, Defendant City of Largo's motion for summary judgment on the grounds of sovereign immunity is **DENIED**.

■ For reasons of judicial economy and efficiency this Court will retain pendant jurisdiction over Defendant City of Largo on state law tort claims in Counts I, II and III, which arise from the same facts and circumstances as the federal civil rights claim against Defendant Desjardins contained in Count IV.

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

■ Plaintiff filed a motion for partial summary judgment on the issue of liability as to Defendant Desjardins on April 9, 1993. This Court finds that there are genuine issues of material fact which preclude summary judgment. Defendant Desjardins alleges he had cause to arrest Plaintiff for reasons other than the license violation; and furthermore, the arrest for the license violation was merely negligent. Plaintiff overlooks these disputed allegations of fact in his memorandum in support of his motion.

Accordingly, Plaintiff's motion for partial summary judgment is **DENIED**.

*DEFENDANT CITY OF LARGO'S MO-
TION TO STRIKE MOTION FOR
SUMMARY JUDGMENT, AND DE-
FENDANT DESJARDINS' MOTION
TO SUPPLEMENT RESPONSE TO
PLAINTIFF'S MOTION FOR SUM-
MARY JUDGMENT*

Defendant City of Largo's motion to strike motion for summary judgment, and Defendant Desjardins' motion to supplement response to Plaintiff's motion for summary judgment are **MOOT** as a result of this Court's **DENIAL** of Plaintiff's motion for partial summary judgment on the issue of liability as to Defendant Desjardins, and therefore such motions are **DENIED.**

*PLAINTIFF'S MOTION TO STRIKE
CERTAIN IMMATERIAL, IMPERTI-
NENT AND PARTICULARLY SCAN-
DALOUS MATTER*

 Plaintiff filed a motion, on April 2, 1993, to strike certain immaterial, impertinent, and particularly scandalous matter from Officer Desjardins' Response to Motion to Amend Complaint to Add a Claim for Punitive Damages. Fed.R.Civ.P. 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A response to a motion is not a pleading, and thus a motion to strike a motion is not proper under 12(f). See also *Weiss v. PPG Industries, Inc.,* 148 F.R.D. 289 (M.D.Fla.1993). Therefore the Court **DENIES** Plaintiff's motion to strike.

*PLAINTIFF'S MOTION TO AMEND
COMPLAINT TO ADD A CLAIM
FOR PUNITIVE DAMAGES*

 The court's authority to permit amendment to a complaint is found in Fed. R.Civ.P. 15(a). The rule provides that amendment will be "freely given when justice so requires." The court can consider many factors in exercising its discretion such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) *futility of amendment* ..." *Marcus v.*

*Carrasquillo,* 782 F.Supp. 593 (M.D.Fla.1992) [quoting *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ] (emphasis added).

 This Court has the discretion to deny leave to amend when it finds that permitting the amendment would be futile. In the instant case, there is insufficient evidence in the record to comply with Florida Statute Section 768.72, which provides that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record ... which would provide a reasonable basis for recovery of such damages." Plaintiff's mere allegations that Defendant Desjardins' actions in arresting Plaintiff constituted reckless indifference and callous disregard for Plaintiff's constitutional rights are not sufficient under Florida law to support a claim for punitive damages.

In a previous decision, this Court held that Section 768.72 is substantive law and applies to federal civil rights claims. *Marcus v. Carrasquillo,* 782 F.Supp. 593 (M.D.Fla. 1992). Therefore, consistent with Section 768.72 requirements and previous rulings of this Court, Plaintiff's motion to amend the third amended complaint to include punitive damages is **DENIED** without prejudice to refile when supported by record evidence.

*QUALIFIED IMMUNITY*

"A government official performing a discretionary function is entitled to qualified immunity from personal liability when the acts complained of violate no clearly established law of which the reasonable person should have been aware at the time he acted." *Harrell v. United States,* 875 F.2d 828, 830 (11th Cir.1989), citing *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

 In reviewing a defense of qualified immunity, the Court must accept the facts as alleged by Plaintiff and then determine the legal issue of whether those facts constitute a violation of clearly established rights of which a reasonable official in the defendant's circumstances would have known. *McDaniel v. Woodard,* 886 F.2d 311, 313 (11th Cir.1989). The contours of the

right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. The qualified immunity defense provides ample protection to all but the plainly incompetent or those who knowingly violate the law. *Id.* at 313–314.

█ If the law is clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. *Anderson v. Creighton,* 483 U.S. 635, 652–54, 107 S.Ct. 3034, 3046, 97 L.Ed.2d 523 (1987) [quoting *Harlow,* 457 U.S. at 818–19, 102 S.Ct. at 2738].

█ In the context of an arrest which requires probable cause, it is incumbent upon a police officer to make a "thorough investigation and exercise reasonable judgment before invoking the awesome power of arrest and detention." *BeVier v. Hucal,* 806 F.2d 123, 127 (7th Cir.1976). The Court will find that probable cause exists when facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed. *Marx v. Gumbinner,* 905 F.2d 1503, 1506 (11th Cir.1990) [quoting *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949) ].

In the instant case, it is undisputed that Defendant Desjardins' arrest of Plaintiff for a driver's license violation was a mistake. Although Plaintiff assured Officer Desjardins that his driver's license had no restrictions, he was handcuffed, charged with a driver license violation, and incarcerated for several hours at the Pinellas County jail until he posted bond and was released.

█ A police officer has a duty to know the law he is empowered to enforce. Officer Desjardins admitted not knowing the current motor vehicle regulations concerning classification codes when he arrested Plaintiff. Officer Desjardins was confused by the new operator classification on Plaintiff's license, which he mistook for a restriction code. Yet, rather than resolve the misunderstanding by consulting the Florida Law Enforcement Handbook in his possession, or by conferring with backup Officer Mark Young,

who was on the scene at the time, he made the erroneous decision to arrest Plaintiff. Such a mistake cannot be construed as objectively reasonable conduct, the standard required for qualified immunity.

█ The legality of an arrest may be upheld by proving there was probable cause to believe the plaintiff committed a crime other than the one with which he was eventually charged. *Gassner v. City of Garland,* 864 F.2d 394 (5th Cir.1989). See also *Trejo v. Perez,* 693 F.2d 482 (5th Cir.1982). Notwithstanding the license mistake, Officer Desjardins alleges the arrest was valid because he had probable cause to arrest Plaintiff for reckless driving and driving under the influence.

█ Plaintiff was cited for careless driving, a non-criminal traffic offense, rather than reckless driving, a criminal offense. Florida Statute Section 316.192 provides: "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." Officer Desjardins admitted in his deposition that he did not believe that when Plaintiff made the turn and spun the car around that he was in danger of posing any threat to any property or people. The absence of such a threat was why he charged him with careless driving. (Officer Desjardins, Dep. p. 47). Officer Desjardins' police report of the incident indicates that the wet pavement was a factor contributing to the accidental skid. The evidence in the record does not support the assertion that Defendant Desjardins had probable cause to arrest for reckless driving.

As to probable cause for DUI arrest, Officer Desjardins testified that:

> I would have felt a lot better to arrest him for probable cause after I put him through field sobriety. He had a smell, odor of alcoholic beverage on his breath, and his eyes were red. I would not have arrested him though for DUI. I would have put him through field sobriety tests.

(Officer Desjardins, Dep. p. 29)

Yet, no sobriety test was done, either before the arrest, or later at the police station. The City of Largo Police Department train-

ing manual states the following procedure, Rule 510.1450, for DUI field sobriety tests:

All persons suspected of DUI will be asked to perform standard field sobriety tests. The purpose of field sobriety tests is to obtain objective and descriptive evidence of impaired judgment, balance, responsiveness, and bodily functions. The *evidence obtained is relied upon to support or reject the existence of probable cause.* A field sobriety checklist will be completed by the witness officer and attached to the arrest report. Such tests should not be administered when circumstances exist that would make the performance of these tests either imprudent or unsafe. Examples constituting such circumstances may be: certain physical handicaps possessed by the driver; hazardous road surface conditions; etc. . . . (emphasis added).

█ The failure to conduct a sobriety test, required under normal circumstances by the City of Largo's police department procedure manual, and the absence of evidence of alcohol impairment, leaves this Court little choice except to conclude that probable cause for DUI arrest was lacking.

█ The burden to establish the affirmative defense of qualified immunity rests with the defendant claiming immunity. For the purpose of determining whether Officer Desjardins is entitled to qualified immunity, this Court finds that Officer Desjardins did not act in an objectively reasonable manner when he arrested Plaintiff on the charge of driving with a restricted license, and that Officer Desjardins has failed to establish grounds for probable cause to arrest Plaintiff for any other crime. Accordingly, Defendant Desjardins is not entitled to qualified immunity.

### SUMMARY OF ORDERS

In summary, this Court **ORDERS** the following:

1. Defendants' motion to dismiss third amended complaint is **DENIED.**
2. Defendant City of Largo's motion to dismiss amended third amended complaint is **DENIED** with respect to **COUNTS I, II AND III;** and is **GRANTED** with respect to **COUNT V.**
3. Plaintiff's motion to strike certain immaterial, impertinent and particularly scandalous matter, and to add a claim for punitive damages is **DENIED.**
4. Defendant Officer Desjardins' motion for judgment on the pleadings is **DENIED.**
5. Plaintiff's motion for partial summary judgment on the issue of liability as to Defendant Officer Desjardins is **DENIED.**
6. Defendant City of Largo's motion for summary judgment is **DENIED.**
7. Defendant City of Largo's motion to strike motion for summary judgment on issue of liability is **DENIED as moot.**
8. Defendant Officer Desjardins' motion to supplement response to plaintiff's motion for partial summary judgment is **DENIED as moot.**

**DONE and ORDERED.**