[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12573
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-00293-TBM


MICHAEL L. AINSWORTH,
CHERYL AINSWORTH,

Plaintiffs-Appellants,

versus

KENNY NORRIS,

Defendant-Appellee,

CITY OF TAMPA,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 4, 2012)

Before DUBINA, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellants Michael and Cheryl Ainsworth appeal *pro se* the district court's grant of summary judgment based on qualified immunity to Kenny Norris on their civil rights and related state law claims. The Ainsworths alleged that Norris unlawfully arrested Michael and, in so doing, used excessive force and committed the torts of unlawful battery and false arrest. As a result of Michael's injuries, Cheryl allegedly suffered a loss of consortium.

We review *de novo* the grant of a motion for summary judgment based on qualified immunity, applying the same standards as the district court. *Bashir v. Rockdale Cnty.*, 445 F.3d 1323, 1326 (11th Cir. 2006). We resolve all issues of material fact in the plaintiff's favor and determine whether the defendant is entitled to qualified immunity under that version of the facts. *Id.* at 1327. A party is entitled to summary judgment under Rule 56 if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). We do not consider issues raised for the first time in a reply brief. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008).

A state official is entitled to qualified immunity from a suit for money damages unless the plaintiff demonstrates that (1) the official violated a

constitutional right (2) that was clearly established at the time the challenged conduct occurred. *Ashcroft v. al-Kidd*, 563 U.S. ___, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011). The Supreme Court has said that courts may consider these questions in any order. *Id.*

A warrantless arrest without probable cause violates the Fourth Amendment and is actionable under 42 U.S.C. § 1983. *Rodriguez v. Farrell*, 280 F.3d 1341, 1345 (11th Cir. 2002). However, if an officer mistakenly arrests one person who is not the subject of a warrant instead of a second person who is the subject of a warrant, the reasonable mistake standard applies to render that arrest valid. *Id.* at 1346–51 (concluding that, under the totality of the circumstances, an officer who mistakenly arrests a person who has the same name, sex, age, and race and a similar Social Security number, address, and place of birth as the subject of a warrant is entitled to qualified immunity in that situation because the mistake was reasonable).

Further, although the use of excessive force also violates the Fourth Amendment, the right to make a lawful arrest carries with it the right to use some degree of physical force to effect the arrest. *Id.* at 1352. If the appropriate use of force aggravates a pre-existing condition, it is not for that reason alone transformed into excessive force. *Id.* at 1353. However, an officer's use of force

is excessive if his actions are not "objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." *Zivojinovich v. Barner*, 525 F.3d 1059, 1072 (11th Cir. 2008) (internal quotation marks omitted). An officer is entitled to qualified immunity from an excessive force claim unless every reasonable officer in his position would have concluded that his use of force was unlawful. *Jones v. City of Dothan*, 121 F.3d 1456, 1460 (11th Cir. 1997).

A cognizable excessive force claim "evokes the Fourth Amendment's protection against the use of an unreasonable quantum of force (i.e., non-de minimis force unreasonably disproportionate to the need) in effecting an otherwise lawful arrest." *Bashir*, 445 F.3d at 1332. To analyze such a claim, courts consider the totality of the circumstances and balance the nature and quality of the intrusion on the plaintiff's Fourth Amendment rights against the governmental interests at stake. *Jackson v. Sauls*, 206 F.3d 1156, 1169–70 (11th Cir. 2000). The use of force is judged from the perspective of a reasonable officer on the scene to determine "whether a reasonable officer would believe that this level of force is necessary in the situation at hand." *Zivojinovich*, 525 F.3d at 1072. The factors a court considers include whether the individual posed an immediate threat to the officer or others and whether he was actively resisting arrest. *Reese v. Herbert*,

4

527 F.3d 1253, 1272 (11th Cir. 2008).

Under Florida law, a plaintiff states a cause of action for false imprisonment if he shows (1) unlawful detention (2) against his will (3) without legal authority (4) and "which is unreasonable and unwarranted under the circumstances." *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So.2d 1266, 1268 (Fla. Ct. App. 2006). Probable cause is an absolute bar to an action for false arrest. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). To state a cause of action for the tort of battery under Florida law, a plaintiff must demonstrate that the defendant acted with the intent to cause a harmful or offensive contact with him and such contact occurred. *City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla. Ct. App. 1996). Also, under Florida law, an alleged battery that was committed incident to arrest does not give rise to an independent tort. *Lester v. City of Tavares*, 603 So.2d 18, 19–20 (Fla. Ct. App. 1992).

Based upon the facts considered in the light most favorable to Michael and Cheryl, we conclude from the record that Norris did not violate Michael's constitutional rights when he mistakenly arrested him. Although Michael argues that his case is distinguishable from *Rodriguez*, the only differences he cites involve his previous detentions based on the warrant. The record does not reflect that Norris knew about any of these prior detentions. Also, under *Rodriguez*, the

5

fact that Michael's name, sex, race, and date of birth matched those listed on the warrant demonstrates that Norris's mistake in identifying him as the subject of the warrant was reasonable. Nothing in the record indicates that, even with the information from the teletype, Norris's conclusion was unreasonable. Thus, we conclude that the district court properly granted summary judgment to Norris on Michael's claim of false arrest in violation of the Fourth Amendment.

As the magistrate judge noted, under Michael's own version of the facts, he did not comply with Norris's multiple requests to exit his vehicle. At that point, he was resisting arrest, an action which can constitute probable cause on its own. *Reese*, 527 F.3d at 1272. Norris's use of force to ensure Michael's compliance was not so excessive that every reasonable officer in his position would have thought it unlawful. *Jones*, 121 F.3d at 1460. Michael's injuries, aggravated by a preexisting condition, do not transform Norris's actions into the use of excessive force. *Rodriguez*, 280 F.3d at 1353. Although law enforcement expert Sullivan contended in his affidavit that Norris violated Michael's constitutional rights, he did not address Michael's resistance to Norris and his repeated refusals to exit the vehicle. Michael has not demonstrated that every reasonable officer in Norris's position would have concluded that his use of force was unlawful. Further, although the district court concluded that no evidence showed that Norris

intentionally inflicted Michael's injuries, and Michael does not challenge the district court's finding to that effect on appeal, an officer's underlying intent and motivation are not controlling. *Zivojinovich*, 525 F.3d at 1072. In sum, considering the totality of the circumstances, we conclude that the district court properly found that Norris was entitled to qualified immunity on Michael's excessive force claim.

Regarding Michael and Cheryl's state law claims, Norris made a reasonable mistake in arresting Michael even though he was not the subject of the warrant and Norris had probable cause to arrest Michael because he resisted arrest. As a consequence, he was entitled to summary judgment on Michael's false arrest claim under Florida law. Further, because Michael's battery claim arose from this arrest, it did not give rise to an independent tort. Nor can Cheryl pursue a derivative claim for loss of consortium in the absence of any of Michael's claims. Finally, we decline to consider Michael and Cheryl's discovery claims because they raised those claims for the first time in their reply brief. Accordingly, for the above-stated reasons, we affirm the district court's grant of summary judgment based on qualified immunity.

**AFFIRMED.**