DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA DEPARTMENT OF CORRECTIONS,**
Appellant,

v.

**EDDIE WRIGHT,**
Appellee.

No. 4D2024-2436

[July 16, 2025]

Appeal of nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Elizabeth A. Metzger, Judge; L.T. Case No. 432023CA000763.

Donald H. Benson of Bradham, Benson, Lindley, Blevins, Bayliss & Wyatt of Florida East Coast, P.L.L.C., Fort Lauderdale, for appellant.

Jerome A. Stone, Jr. and Linda Elisa Capobianco of Stone & Capobianco, P.L., Stuart, for appellee.

PER CURIAM.

The Florida Department of Corrections ("DOC") appeals the trial court's order denying its motion for judgment on the pleadings based on sovereign immunity under section 768.28(9), Florida Statutes (2019). We have jurisdiction, exercise *de novo* review, and reverse. Fla. R. App. P. 9.130(a)(3)(F)(ii) (permitting appeals of nonfinal orders determining that a party is not entitled to immunity under section 768.28(9), Florida Statutes); *Universal Prop. & Cas. Ins. Co. v. Laguna Riviera Condo. Ass'n*, 386 So. 3d 629, 631 (Fla. 2d DCA 2024) (outlining the standard of review).

Appellee Eddie Wright ("Plaintiff") filed a complaint against DOC and one of its correctional officers, alleging the correctional officer physically assaulted him while he was in custody at the Martin County Correctional Institution. In relevant part, the complaint alleged that, during an inmate count, the correctional officer removed Plaintiff from his cell and placed him in hand restraints. Two minutes later, as the correctional officer was escorting Plaintiff toward the main door of the dormitory, the correctional officer "stops escorting the Plaintiff in the middle of the common arear [sic]

and without warning made a wide swiping motion with his left leg across both of the Plaintiff's lower legs, causing the Plaintiff to fall face first onto the cement floor while still in handcuffs behind his back." After the "battery," the correctional officer grabbed Plaintiff by his arms, "which were still handcuffed behind his back, lifts up the Plaintiff, pushes him towards the main door and then drops him onto the ground, knocking over a mop." The correctional officer then dragged Plaintiff to the side of the doorway, "where his body lay on the ground." The correctional officer stood over Plaintiff until another officer arrived, at which point the correctional officer left the area without rendering aid or medical assistance to Plaintiff. As Plaintiff remained on the floor, the other correctional officers and DOC employees removed belongings from Plaintiff's cell and wiped his blood off the floor. The complaint also alleged the correctional officer later pled guilty to felony battery and was sentenced to twenty-two months in prison.

Based on these allegations, the complaint asserted two counts of battery (one against DOC and one against the correctional officer); one count of Eighth Amendment violation against the correctional officer; and one count of negligence against DOC. Notably, although all four counts alleged the correctional officer "was acting within the course and scope of his employment" when the incident occurred, the Eighth Amendment violation count alleged the correctional officer acted "maliciously and sadistically for the very purpose of causing harm to Plaintiff."

Pointing to the complaint's factual allegations, DOC moved for judgment on the pleadings, asserting sovereign immunity under section 768.28(9)(a), Florida Statutes (2019). The trial court denied the motion, reasoning the complaint alleged the correctional officer was acting within the scope of his employment and "the language in the Complaint does not definitively describe conduct exhibiting bad faith, malicious purpose or willful or wanton disregard." This appeal follows.

"The purpose of a motion for judgment on the pleadings is to test the legal sufficiency of a cause of action or defense where there is no dispute as to the facts. A motion for judgment on the pleadings is similar to a motion to dismiss and raises only questions of law arising out of the pleadings." *Miller v. Finizio & Finizio, P.A.*, 226 So. 3d 979, 982 (Fla. 4th DCA 2017) (internal citations and quotation marks omitted). Accordingly, "[w]here a defendant moves for judgment on the pleadings, a court must take as true all of the material allegations in the plaintiff's complaint." *Id.*

Section 768.28(9)(a), Florida Statutes (2019), provides that "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an

2

officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." In *Richardson v. City of Pompano Beach*, 511 So. 2d 1121 (Fla. 4th DCA 1987)we noted the intentional torts of assault and battery do not inherently or necessarily involve those elements that would activate immunity. *Id.* at 1122–24. However, we also recognized immunity exists when the tortfeasor's actions are committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. *Id.* at 1124.

We conclude that Plaintiff's allegations regarding the correctional officer's conduct, taken as true as we are required to do, would be sufficient for a reasonable trier of fact to conclude the correctional officer acted in bad faith, with malicious purpose, or wanton and willful disregard of human rights or safety. As alleged in the complaint, the correctional officer intentionally tripped the restrained Plaintiff; allowed him to fall face first onto the concrete floor; lifted him up just to drop him on the floor once again; and then left him on the floor without rendering aid or medical assistance. These actions occurred while the correctional officer was conducting an inmate count, as opposed to addressing an ongoing security issue where such actions could potentially be deemed related to the correctional officer's duties. *See Lay v. Roux Lab'ys, Inc.,* 379 So. 2d 451, 453 (Fla. 1st DCA 1980) ("[A]n employee is not acting in the scope of employment if it can be found that the employee had 'stepped away' from employer's business at the time of the infliction of the tort and that the motive was unrelated to the employee's duties, but rather was in the furtherance of the employee's interests."). Moreover, the complaint's Eighth Amendment violation count specifically alleged the correctional officer acted "maliciously and sadistically for the very purpose of causing harm to Plaintiff." *Cf. Richardson*, 511 So. 2d at 1124 ("The second amended complaint in question here alleges that the tortious acts occurred while the officer was acting within the scope of his employment and *there are no allegations of bad faith, malicious purpose, or wanton and willful disregard of human rights, safety or property.*" (emphasis added)). *See Peterson v. Pollack*, 290 So. 3d 102, 109 (Fla. 4th DCA 2020) (noting the phrase "malicious purpose," as used in section 768.28(9)(a), has been interpreted as meaning "the subjective intent to do wrong").

Accordingly, we hold that the trial court erred in denying DOC's motion for judgment on the pleadings, and reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

GROSS, DAMOORGIAN and FORST, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*